PER CURIAM.
Petitioner by petition for writ of certio-rari seeks review of the decision of the Florida Board of Bar Examiners, which denied his application to take the state bar examination.
Petitioner states that he is a citizen of the United States and the Commonwealth of Puerto Rico, and is an attorney in good standing in the commonwealth authorized to practice law in all commonwealth and federal courts. He states that he was graduated from the University of Puerto Rico School of Law in 1934, and thereafter duly admitted to the practice of law. He now has assumed a position within Florida, and seeks membership in The Florida Bar. He states that he applied to take the bar examination in spring 1971, and was refused by the Board of Bar Examiners.
This cause is governed by Section 22(c) (2) Article IV of the Rules of this Court for admission to the Bar. Section 22 provides that persons who meet educational standards, including graduation from a full-time accredited law school, shall be admitted if otherwise qualified. Subsection (c) is intended to offer opportunity for admission to those who are not graduates of an accredited law school; the School of Law in Puerto Rico was not in 1934 an accredited law school. Subsection (c) permits applicants to take the state bar examination upon producing evidence of fitness and of ten years’ experience and good standing as an attorney in a state or the District of Columbia; alternatively, the applicant may show fitness and an abstract showing the scope and character of his experience and practice at the bar, his academic and legal training, and cultural backgrounds. The Board has the duty to make a thorough examination of the evidence provided and to admit the applicant to the examination if the abstract
“shows that the applicant is a lawyer of high character and ability, that his professional conduct has been above reproach, and that his academic and legal scholarship conform to approved standards and sum up to the equivalent of that required of other candidates * *
Petitioner herein seeks relief in essence on grounds that his practice in Puerto Rico was in government law, in which he had little opportunity to accumulate a file of pleadings and cases with which he was personally identified in court records. He argues unconstitutional discrimination. He also contends that time and distance make it impossible for him to compile the kind of “legal file” which he believes is required by the Bar Examiners.
In response, the Bar Examiners state that their concern was not with petitioner’s alleged inability to produce copies of pleadings prepared by him in “federal courts,” but rather with his failure to demonstrate that he had actually ever practiced before a “federal court” of any kind. In essence, the position of the Bar Examiners is that petitioner has not produced evidence of the type normally expected of an applicant in his position. The Bar Examiners state they they have not required a “legal file” of the extent which petitioner appears to believe necessary.
After careful review of the record, it appears conclusive that petitioner has not met *368 the requirements of Section 22(c) (2) which reads as follows:
“(2) upon producing such evidence as the Board may require, that such applicant was in the practice of law in the District of Columbia or in other States of the United States of America, or in practice in federal courts in territories, possessions or protectorates of the United States for at least ten years, and that he was in good standing at the bar of the District of Columbia, the territory, possession or protectorate, or of the State from which he came; and * * (Emphasis supplied.)
His petition is, therefore, denied, without prejudice to his right to produce for the Board of Bar Examiners proof of the kind necessary to sustain his application and if he is rebuffed to again seek relief in this Court.
It is so ordered.
CARLTON, Acting C. J., and ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.