PER CURIAM.
The Florida Board of Bar Examiners has declined to accept petitioner/Colonel Raymond W. Klein’s application for admission to the Florida Bar examinations. Colonel Klein petitions here for relief under the theory that he is entitled to admission under Article IV, Section 22(b) and (c), Rules Relating to Admissions to The Bar, 32 F.S.A., because: (1) he graduated from a law school (John Marshall Law School) that received accreditation subsequent to his graduation; (2) he was admitted to the Illinois Bar in January 1950, and has been eligible to practice in that State ever since.
We agree with the Board’s rejection of petitioner’s application as it now stands. His graduation preceded accreditation by some 27 months, thus placing him far outside of the requirements of Article IV, Section 22(b) that accreditation occur either as of graduation or within the calendar year.
While petitioner was admitted to the Illinois Bar more than ten years ago, he entered the United States Air Force as a career officer shortly after his admission to that Bar. He was not assigned to the legal services division, and, therefore, would not normally be considered as having been in the practice of law. This is the position taken by the Board. However, we note that petitioner states that he was required, on numerous occasions, to act as defense attorney and also as judge in military courts during his Air Force career. Recently, in Diaz v. Florida Board of Bar Examiners, 252 So.2d 366 (Fla.1971), we indicated that demonstration of practice was a relatively flexible requirement. It is not designed to thwart an applicant, but rather to establish assurance of an applicant’s ability and capacity to function as a lawyer. For this reason, Section 22(c) (3), which governs this route to the Bar examination, states that in evaluating the work of an applicant, “[T]he Board is clothed with a broad discretion.”
The Board has not had an opportunity to evaluate the legal activities undertaken by petitioner in the Air Force because petitioner has failed to support his statements with any form of proof. Therefore, we would invite Colonel Klein to apply anew at a later date, when he can supply the Board with reasonably accurate details of the extent of his legal services, supported by appropriate documentation. The Board may then determine if these service experiences either constituted practice, or occurred with a frequency sufficient to justify an exception to the usual meaning of practice.
*146 The petition is denied, but without prejudice for petitioner to proceed in the manner above indicated.
It is so ordered.
ROBERTS, C. J., and CARLTON, ADKINS, McCAIN and DEKLE, JJ., concur.