PER CURIAM.
By petition pursuant to Article IV, Section 21(a) of the Rules Relating to Admissions to the Bar, Barry Alan Eisenson seeks waiver of the requirements of Article IV, Section 22(b) of the same rules. Section 22 (b) provides:
“Section 22. Every applicant is also required :

(b) To furnish the Board satisfactory evidence of graduation from a full-time accredited law school at a time when, or in the same calendar year in which such school was so accredited, and that such accredited law school has conferred upon the applicant the degree of Bachelor of Laws or Doctor of Jurisprudence. The term ‘accredited law school,’ has reference to any law school approved or provisionally approved by the American Bar Association or which is a member of the Association of American Law Schools.”
Petitioner attended the Baltimore School of Law from September, 1967 through his graduation in June, 1971. At that time he was awarded the degree of Doctor of Jurisprudence. On the date of his graduation, the school was neither approved nor provisionally approved by the American Bar Association. However, petitioner alleged that the ABA’s evaluating committee conducted its examination and investigation of the school in November, 1971, some five months after petitioner’s graduation. At the next yearly meeting of the American Bar Association in August, 1972, the school was provisionally approved on the basis of the November, 1971 evaluation. The facts as stated by petitioner are not controverted by the Board of Bar Examiners.
The total time span between petitioner’s graduation and provisional accreditation by the ABA covers a period of approximately fourteen months. Obviously, therefore, petitioner fails to comply with the requirement of graduation from a full-time accredited law school “at a time when, or in the same calendar year in which such school was so accredited. . . . ”[1]
While waivers of the Rule relating to accreditation are not to be granted without good and sufficient reason,[2] we are persuaded, in light of the circumstances described by petitioner, that a waiver is justified in this instance. It appears from the uncontro-verted facts that provisional accreditation by the ABA resulted from the investigation of November, 1971, conducted some five months after petitioner’s graduation from law school. To deny to petitioner the opportunity to seek admission to The Florida Bar merely because the ABA chose to vote on accreditation in August, 1972, rather than in May or June of the same year, would in our view violate the spirit, if not the letter, of the Rules Relating to Admission to the Bar. Thus we conclude that where, as here, the requirements for provisional accreditation are met during the calendar year following the applicant’s graduation, but the American Bar Association fails to act on its findings within the 12 month period provided by the Rules, a waiver of the Rule is permissible.
Accordingly, the petition of Barry Alan Eisenson for waiver of the accreditation requirement of Article IV, Section 22(b), of the Rules Relating to Admission to the Bar is granted and, provided petitioner meets all *488 other requirements of the Rules, the Florida Board of Bar Examiners is ordered to admit petitioner to the earliest Bar Examination for which he qualifies.
It is so ordered.
CARLTON, C. J., and ROBERTS, ADKINS, McCAIN and DEKLE, JJ., concur.

. Although it is not material to the instant situation, we note that the term “calendar year” must bo interpreted to include the 12 montli period following graduation, regardless of the month in which an applicant graduates. To read this term otherwise would in view of the wide disparity of graduation dates in Florida and elsewhere, result in unreasonable discrimination between similarly situated graduates.

. Petition of Klein, 259 So.2d 144 (Fla.1972).