PER CURIAM.
The Florida Board of Bar Examiners has declined to accept petitioner Julius P. Crowne’s application for admission to the Florida Bar examination. Petitioner seeks relief in this Court via petition for review pursuant to Article IV, Section 21(a) of the Rules Relating to Admissions to The Bar, 32 F.S.A.
It appears from the.record that petitioner graduated from the Brooklyn Law School in June, 1932, with an L.L.B. degree. The school was not provisionally approved by the American Bar Association until 1937 and has never become a member of the Association of American Law Schools. Accordingly, petitioner is not in compliance with the prerequisite of Article IV, Section 22(b) of the Rules, requiring “graduation from a full-time accredited law school at a time when, or in the same calendar year in which such school was so accredited”. The term “accredited law school” is defined by Section 22(b) to include “any law school approved or provisionally approved by the American Bar Association or which is a member of the Association of American Law Schools”.
However, the Rules provide an alternate method whereby persons in petitioner’s situation may qualify for admission to the Bar examination. Pursuant to Article IV, Section 22(c) of the Rules, an attorney in good standing in the Bar of a state who practiced law in that state for a 10-year period may be admitted to the Bar examination although he or she failed to graduate from an accredited law school. The Rule is detailed and clothes the Board with broad discretion in evaluating applicants seeking admission thereunder:
“(c) Attorneys who were in good standing in the District of Columbia and in the States of the United States of America may, notwithstanding the provisions of Sections 22(a) and 22(b) hereof, be permitted to take the bar examination to be admitted to the practice of law in Florida (1) upon furnishing similar requirements as to fitness, except as required by Sections 22(a) and 22(b), as are required of other candidates to take the examination; (2) upon producing such evidence as the Board may require, that such applicant was in the practice of law in the District of Columbia or in other States of the United States of America, or in practice in federal courts in territories, possessions or protectorates of the United States for at least ten years, and that he was in good standing at the bar. of the District of Columbia, the territory, possession or protectorate, or of the State from which he came; and (3) upon furnishing to the Board an abstract showing the scope and character of the applicant’s previous ex *479 perience arid practice at the bar, including samples of the quality of the applicant’s work, such as pleadings, briefs, legal memoranda, corporate charters ■ or other working papers which the applicant considers illustrative of his expertise, his academic and his legal training. Such abstract should confine itself to the applicant’s most recent ten years of practice. If a thorough consideration of this abstract shows that the applicant is a lawyer of high character and ability, that his professional conduct has been above reproach, and that his academic and legal scholarship conform to approved standards and sum up to the equivalent of that required of other candidates for admission to the examination, the Board may, in its discretion, admit him to the examination. In evaluating academic and legal scholarship the Board is clothed with a broad discretion.”
Petitioner was admitted to the Bar of the State of New York on November 13, 1933 and a certificate of the Clerk of the Appellate Division of the Supreme Court of the State of New York dated September 29, 1972 indicates that he continues in good standing as a member of the New York bar. Petitioner asserts that he practiced law in New York continuously between the years 1933 and 1943, at which time he entered service with the War Department in Washington. He again entered the practice of law in 1947 and continued to practice until 1950. Thereafter he worked two years as an adjuster for the Public Works Department of the State of New Yqrk and then accepted an appointment as Clerk of a division of the Supreme Court of New York. He was employed in that position until his retirement last year and decision to move to Florida.
The difficulty with petitioner’s application appears largely to surround the “abstract of practice” furnished by him to the Board of Bar Examiners. The abstract is, as the Board asserts, “inadequate for reasons which are made clear by examination thereof”. In his “abstract” petitioner states, inter alia:
“The attention of the Board is respectfully called to the fact (as disclosed in the application) that the applicant has not been engaged in the practice of law since 1950, almost 23 years ago and, starting with 1933 up to 1943 there was an interval from 1943 to 1947 when it was again resumed up to 1950. In those circumstances, with my records disposed of, any details would be impossible to furnish.”
There is no requirement in the Rules Relating to Admissions to the Bar that an applicant’s practice be recent, but passage of time does not excuse compliance with the requirements of Section 22(c). As we said in Petition of Klein, 259 So.2d 144 (Fla.1972),
“. . . Recently, in Diaz v. Florida Board of Bar Examiners, 252 So.2d 366 (Fla.1971), we indicated that demonstration of practice was a relatively flexible requirement. It is not designed to thwart an applicant, but rather to establish assurance of an applicant’s ability and capacity to function as a lawyer. For this reason, Section 22(c)(3), which governs this route to the Bar Examination, states that in evaluating the work of an applicant, ‘[T]he Board is clothed with a broad discretion.’ ”
It is apparent the abstract produced by petitioner is insufficient to allow the Board to evaluate his “ability and capacity to function as a lawyer” and thus in our judgment the Board correctly denied his application for admission to the Florida Bar Examination. However, petitioner’s background suggests that he may well be qualified to enter the practice of law should he produce the necessary material required by Section 22(c)(3). Accordingly, as in Petition of Klein, supra, we deem it appropriate to deny the petition without prejudice to petitioner to apply anew at a later date, when he can supply the Board *480 with reasonably accurate details of the extent of his legal practice, supported by appropriate documentation. The Board may then evaluate his experience and determine whether he “is a lawyer of high character and ability”, whether “his professional conduct has been above reproach”, and whether “his academic and legal scholarship conform to approved standards and sum up to the equivalent of that required of other candidates for admission to the examination”.
The petition is denied without prejudice to petitioner to proceed in the manner above indicated.
It is so ordered.
CARLTON, C. J., and ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.