279 So.2d 288 (1973)
John C. LaBOSSIERE, Petitioner,
v.
FLORIDA BOARD OF BAR EXAMINERS, Respondents.
No. 43772.
Supreme Court of Florida.
June 20, 1973.
John C. LaBossiere, in pro per.
C. Graham Carothers, Tallahassee, for respondents.
McCAIN, Justice.
Petitioner John C. LaBossiere asks this Court to compel the Florida Board of Bar Examiners to answer certain interrogatories. Petitioner asserts that the Board has denied him admission to the Florida Bar Examination because he graduated from an unaccredited law school, and that this denial violates his constitutional right to equal protection of the laws. The interrogatories propounded by petitioner in general seek information regarding admission to The Florida Bar of persons graduating from unaccredited law schools.
A study of the correspondence between the Board and petitioner reveals that petitioner has never filed an application for admission to the Florida Bar Examination, although he has twice paid for and received application forms. In our judgment the filing of an application and subsequent *289 denial of admission by the Board are necessary prerequisites to the consideration by this Court of petitioner's claims. We are, therefore, compelled to deny the petition without prejudice to petitioner to file an application and seek appropriate administrative relief. In the event such relief is denied by the Board, we will thereafter examine the merits of petitioner's constitutional arguments.
However, to avoid possible confusion concerning petitioner's rights under the Rules Relating to Admission to the Bar, we undertake at this time to clarify our position with regard to the educational requirements to be met by applicants for admission to the Florida Bar Examination.
The Florida Board of Bar Examiners, as presently constituted, was created by this Court in 1955 pursuant to general statutory and constitutional authority declaring the admission of attorneys to practice law in Florida to be exclusively a judicial function. Fla. Const., Article V, § 23 (1885), F.S.A.; Chapter 29796, Section 1, Laws of Florida (1955); Fla. Stat. § 454.021(1), F.S.A.
Prior to that time, the admission of attorneys to The Florida Bar was governed by Chapter 10175, Laws of Florida (1925). That statute provided for the creation of a Florida Board of Law Examiners, consisting of nine "attorneys of distinction in the law for their learning and character". It empowered the Supreme Court to prescribe a list of subjects to be studied by applicants for admission to practice, and further provided:
"Any graduate of a law school chartered by and conducted within this State, or the law department of any chartered University of this State maintaining the course of study approved of by the Supreme Court, shall be entitled to a certificate from said Board entitling him or her to practice, without further examination as to legal attainments; provided, such applicant shall produce to said Board his or her diploma from such law school or University, with satisfactory evidence of good moral character ..." [Chapter 10175, Section 3.]
But if an applicant graduated from an out-of-state law school, the Board was required to "determine [his] further qualifications by a thorough examination of [him] as to [his] legal knowledge or attainments upon the course of study approved of by the Supreme Court ...". Thus, an examination was required to determine the educational qualifications of out-of-state applicants, while in-state applicants were admitted to practice under a diploma privilege.
Beginning in 1955, however, this Court, in an effort to provide uniform and measurable standards by which to assess the qualifications of applicants, adopted a two-pronged system for the determination of educational fitness: 1) we required all applicants for admission to The Florida Bar to submit to a Bar Examination on certain subjects determined by this Court to be indicative of the applicant's general familiarity with the law; and 2) we required all applicants to be graduates of law schools approved by the American Bar Association or members of the Association of American Law Schools.
We were persuaded to follow the American Bar Association standards relating to accreditation of law schools because we sought to provide an objective method of determining the quality of the educational environment of prospective attorneys. This was deemed especially necessary because of the rapid growth in the number of educational institutions awarding law degrees. We wished to be certain that each of these many law schools provided applicants with a quality legal education, but we were unequipped to make such a determination ourselves because of financial limitations and the press of judicial business.
The same arguments which persuaded us in 1955 to follow American Bar Association criteria relating to accreditation of law schools remain persuasive in *290 1973. Institutions providing a legal education are more numerous and growing more rapidly today than at any time in the past. We applaud this growth. At the same time we share the view of educators that growth in numbers and size must not be allowed to detract from the quality of a student's education. Accordingly, we continue to require that applicants for admission to the Florida Bar Examination be graduates of accredited law schools.
Nevertheless, in an effort to be fair to those applicants who have graduated from unaccredited law schools, we have provided an alternative method by which such applicants may qualify for the Florida Bar Examination. Pursuant to Article IV, Section 22(c) of the Rules Relating to Admission to the Bar, 32 F.S.A., we have permitted attorneys in good standing in the Bar of another state or the District of Columbia to take the Florida Bar Examination upon a satisfactory demonstration that he/she has engaged in the practice of law for a ten-year period. We advise petitioner to study this rule carefully to determine whether he can qualify via this method.
The rules relating to educational qualifications have been waived by this Court only in rare instances. In the case of In re Eisenson, 272 So.2d 486 (Fla. 1973) we permitted a graduate of the Baltimore School of Law to qualify for the Florida Bar Examination although the law school from which he graduated was not accredited by the American Bar Association until fourteen months subsequent to his graduation. We were persuaded to grant relief in that case because it appeared from the record that the American Bar Association investigation of the Baltimore School of Law, upon which accreditation was based, was conducted within the calendar year of petitioner's graduation from law school; only the formal approval of the law school by the American Bar Association occurred outside the period provided by our rules. Unusual situations such as occurred in the Eisenson case aside, however, we have adhered strictly to the educational tests delineated in our rules.
We hope the above discussion will be of value to petitioner as he seeks to qualify for admission to The Florida Bar. We again reiterate that claims by petitioner of denial of equal protection of the laws, or other constitutional arguments, are premature until petitioner is actually denied admission to The Florida Bar Examination because he fails to qualify for it under the Rules.
The petition is denied without prejudice to petitioner to 1) file an application for admission to The Florida Bar Examination with the Florida Board of Bar Examiners; and 2) re-apply for relief in this Court after exhaustion of his administrative remedies.
It is so ordered.
ERVIN, Acting C.J., and ADKINS, BOYD and DEKLE, JJ., concur.