PER CURIAM.
Petitioner seeks a variety of relief in this Court. We note at the’outset that he has not yet filed a registration or application form with the Florida Board of Bar Examiners; thus, much of the relief he seeks is premature. We will not, for example, permit petitioner to take the forthcoming Spring Bar Examination scheduled to be administered on July 24 and 25, 1973 prior to the filing of an application with the Board. Moreover, even if petitioner now files his application before the above-named dates he will not be in compliance with the time requirements of the Rules Relating to Admission to the Bar, and will thus not be eligible for the forthcoming examination in any event.[1]
Second, it appears that petitioner graduated from the Baltimore School of Law on June 29, 1971, at a time when that school was not accredited by the American Bar Association. Provisional accreditation was approved by the ABA in August, 1972, *850 more than 12 months subsequent to petitioner’s graduation. Petitioner accordingly seeks waiver of the accreditation requirements of Article IV, Section 22(b) of the Rules 32 F.S.A., which require that applicants furnish the Board satisfactory evidence of graduation from a full-time accredited law school “at a time when, or in the same calendar year in which such school was so accredited . . . . ” This request is also premature. Petitioner is not yet an applicant and so not in a position to obtain relief from this Court. However, for the benefit of both the Board and petitioner we call attention to the case of In Re Eisenson, 272 So.2d 486 (Fla.1973), wherein we waived the accreditation requirement for an applicant from the Baltimore School of Law in the same graduating class as petitioner in the instant case. On the basis of the record now before us, there appears to be a strong probability that the Eisenson decision will control in petitioner’s case; we therefore advise the Board to study Eisenson carefully before reaching any decision regarding petitioner’s educational qualifications.
Petitioner also appears to be in some doubt as to his rights and obligations under Rule IV of the Rules and Regulations of the Florida Board of Bar Examiners. That rule generally provides that persons attending accredited law school^, who intend to apply for admission to The Florida Bar, should register with the Board within 150 days of the commencement of the study of law. Rule IV, Section 30. Section 31 of the Rule permits a late registration to be filed provided certain conditions are met. Petitioner appears to be under the misapprehension that this rule is substantive in nature and that failure to comply will eliminate him from consideration for admission to The Florida Bar. That interpretation of the rule is incorrect. Registration of law students is incorporated into the rules simply as an administrative convenience to the Board and to students. However, we will deny the specific relief requested at this time, because we can find nothing in the record in this case which indicates that the Board intends to deny petitioner any substantive rights in conjunction with the filing of a registration or application form. We prefer that the parties resolve administrative details between themselves. We are certain the Board understands that any person wishing to pay the appropriate fees is entitled to seek admission to The Florida Bar, whatever his educational background. Neither the Board nor this Court is required to admit to The Florida Bar Examination applicants who do not comply with the educational and character criteria defined by this Court, but this does not preclude such persons from filing applications should they desire to do so.
Lastly, petitioner seeks to qualify as a legal intern pursuant to Article XVIII of the Integration Rule of The Florida Bar, 32 F.S.A. Unfortunately, participation in that program is limited to law students “. . . duly enrolled in the United States in a law school approved by the American Bar Association.” Petitioner has not been a law student since 1971, and thus cannot qualify under the Rule.
Accordingly, the petition is denied without prejudice to petitioner to 1) file an application and/or registration form with the Florida Board of Bar Examiners; 2) reapply for relief in this Court after exhaustion of his administrative remedies.
It is so ordered.
ERVIN, Acting C. J., and ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.

. Rule 1, Section 4 of the Rules and Regulations for the Florida Board of Bar Examiners 32 F.S.A., requires that the applicant file his application on or before November 1 to be eligible for the Spring examination. The Rules provide for waiver “under dire and unusual circumstances” but in this instance we are aware of no circumstances which would justify the filing of an application by petitioner within two months of the Bar Examination. The time limits provided by the Rules are intended to allow the Board sufficient time for investigation into the moral and educational fitness of future attorneys.