## IN THE MATTER OF THE MOTION OF THE VIRGIN ISLANDS BAR ASSOCIATION (INTEGRATED) FOR THE SUSPENSION OF MEMBERS

Civil No. 1990/106

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 14, 1991

THURSTON T. McKELVIN, ESQ., Federal Public Defender (District of the Virgin Islands), St. Thomas, V.I., *appearance*

MARK H. BONNER, ESQ., Assistant United States Attorney, Washington, D.C., *appearance*

MICHAEL C. DUNSTON, ESQ., Treasurer (V.I. Bar Association), St. Croix, V.I., *appearance*

BROTMAN, *Acting Chief Judge, Sitting by Designation*

## OPINION

Presently before the court is the motion of the Treasurer of the Virgin Islands Bar Association brought pursuant to 5 V.I.C. App. V R. 51(d) to suspend Thurston T. McKelvin, Esq. and Mark H. Bonner, Esq. from the practice of law in the Virgin Islands for failure to pay dues to the Virgin Islands Bar Association.

## I. FACTS AND PROCEDURE

The Virgin Islands has an integrated bar association. Title 5, Appendix V, of the Virgin Islands Code sets forth the Rules of the District Court of the Virgin Islands ("local rules"). Pursuant to the local rules of the District Court, all attorneys admitted to practice in the District Court of the Virgin Islands pursuant to either Local Rule 56 or by special admission by virtue of employment in the Virgin Islands with the United States Government, the Government of the Virgin Islands, and Legal Services of the Virgin Islands, Inc., are members of the Virgin Islands Bar Association. 5 V.I.C. App. V R. 51(a). Only those attorneys who are active or government members of the Virgin Islands Bar Association (with a few narrow exceptions) may practice law in the Virgin Islands. Local Rule 51(b). Local Rule 31(c) grants the Virgin Islands Bar Association the power to adopt by-laws consistent with the local rules.

The by-laws of the Virgin Islands Bar Association provide that all attorneys "who have been specially admitted to practice law in the Virgin Islands on behalf of the Government of the United States, the Government of the Virgin Islands, Office of the Public Defender, or Legal Services of the Virgin Islands shall be eligible to be Government members of the Virgin Islands Bar. . . . Government members shall pay annual membership dues of $100.00. . ." By-laws of the Virgin Islands Bar Association ("By-laws"), Art. I, §§ 4–5 (1990). Article I, § 10 of the By-laws establishes that it is the duty of the Treasurer of the Virgin Islands Bar to move for the suspension of all delinquent members.

The Treasurer of the Bar Association moved for the suspension of respondents, among others, in June of 1990. Respondent Thurston T. McKelvin, Esq. is employed as a Federal Public Defender in the Virgin Islands. Respondent Mark H. Bonner, is employed in the Justice Department in Washington, D.C. He was employed as an Assistant

217

United States Attorney in St. Thomas for two years. At the present time, it is unclear from his submissions to the court whether he continues to appear in the District Court of the Virgin Islands on official government business. Respondents object to their suspension, contending that the Virgin Islands Bar Association does not have the authority to require them to pay territorial bar dues as they practice law in the courts of the Virgin Islands only in their capacity as federal officers practicing in federal court.

## II. DISCUSSION

As an initial matter, Attorney Bonner argues that the by-laws of the Virgin Islands Bar Association make him *eligible* to be a government member of the Bar Association, but do not mandate his membership. If the local rules do not mandate his membership in the Bar Association, then he declines to belong to the Bar Association, and cannot be suspended from practice in the Virgin Islands for the failure to pay bar dues. While the language of the by-laws themselves supports Attorney Bonner's interpretation, such an interpretation contradicts that portion of the Virgin Islands Code establishing an integrated bar. Compare By-laws Art. I, § 4 (attorneys specially admitted to practice law on behalf of Government of United States "shall be eligible to be Government members of the Virgin Islands Bar. . . .") with 5 V.I.C., Appendix V, R. 51(a) (all attorneys admitted to practice in District Court of the Virgin Islands shall be members of Virgin Islands Bar Association). As a result, the rule established by the District Court, that government attorneys *shall* be members of the Virgin Islands Bar Association must prevail over any contrary language in the by-laws as the local rules expressly provide that the Bar Association has the power to enact "by-laws not inconsistent with these rules". 5 V.I.C. App.V R. 51(c).

Hence, the narrow issue before the court is whether respondents, who are employed by the federal government and practice only in the federal district court, can be suspended from practicing law in the courts of the Virgin Islands for their failure to pay bar dues to the Virgin Islands Bar Association. At oral argument, this court asked the parties to determine whether other jurisdictions require attorneys who practice exclusively in federal court on the behalf of the United States, and who are not licensed in the state in question, to pay local bar dues. Each side submitted the results of its own telephone survey of those states with integrated bar associations.

Each found that the states with integrated bar associations do as it advocates in this situation. Hence, the Virgin Islands Bar Association informs the court that the vast majority of states with integrated bars require federal attorneys to be members of the bar and pay annual membership dues, and Attorneys McKelvin and Bonner inform the court that the vast majority of jurisdictions do not require federal attorneys to pay local bar dues. This information is not illuminating. Not having the benefit of knowing what other jurisdictions do in this situation, this court must rely upon its own research to determine whether the Bar Association can suspend federal attorneys who are not licensed in Virgin Islands, and who practice only in federal court on official government business, from the practice of law in the Virgin Islands for the failure to pay bar dues to the Bar Association.

The court notes that this issue appears one of first impression. The court's own research has uncovered no authority on point. As a result, the court must determine whether it is permissible, constitutionally or otherwise, for the Bar Association to require federal attorneys to pay bar dues.

Respondents argue that the Supremacy clause of the United States Constitution prohibits a local bar association, in this case, the Virgin Islands Bar Association, from imposing fees on federal attorneys practicing in federal court. Respondents certainly must be correct that a territorial bar association cannot require federal officials to pay dues to it in order to practice law in federal court independent of any federal authorization for that imposition of dues. Here, however, an entirely different situation exists. The District Court of the Virgin Islands is simultaneously a court of original and appellate jurisdiction for the United States Territory of the Virgin Islands *and* a federal district court. The Supremacy Clause does not come into play when it is a *federal* authority regulating another *federal* authority. See United States v. Klubock, 832 F.2d 664, 667 (1st Cir. 1987) (en banc), aff'g, 832 F.2d 649, 651 (supremacy clause not implicated when district court enacts federal local rule).

As the supremacy clause is not implicated, the court must determine whether the District Court may require federal attorneys to pay local bar dues. Mandatory state bar membership requiring the payment of bar dues is not unconstitutional. See Keller v. State Bar of California, — U.S. —, 110 S.Ct. 2228, 2237 (1990). Keller is not dispositive as the issue in this case is whether federal district courts may require federal attorneys to pay local bar dues.

■ Generally, district courts have broad rule-making authority over the admission, practice and discipline of attorneys. See Matter of Abrams, 521 F.2d 1094, 1099 (3d Cir. 1975). Section 2071 of Title 28 of the United States Code, Fed. R. Civ. P. 83, and Fed. R. Crim. P. 57 authorize district courts to create federal local rules. Pursuant to that rule-making authority, the District Court of the Virgin Islands created an integrated bar association which requires the membership of all persons authorized to practice before the District Court, whether or not the person is licensed to practice in the Virgin Islands. 5 V.I.C., Appendix V, R. 51(a). That rule requires the membership of respondents in the Virgin Islands Bar Association. The Bar Association acts on the behalf of all attorneys practicing in the Virgin Islands, and provides important services to the district court. The Bar Association works to improve the administration of justice, prevent the unauthorized practice of law, and actively investigates charges of ethical misconduct, inter alia. By-laws, Art. X.

The District Court of the Virgin Islands also enacted Rule 51(c) of Appendix V of Title 5 of the Virgin Islands Code which authorizes the Virgin Islands Bar Association to adopt by-laws which are not inconsistent with the local rules. Pursuant to that authority, the Bar Association enacted By-law Art. I, § 5 which requires government attorneys to pay annual membership dues of $100.00. Given the extensive services the Bar Association provides the District Court, it is a reasonable extension of the authority the District Court vested in the Bar Association to impose modest membership dues on persons practicing in the District Court, including federal government attorneys who appear in the courts of the Virgin Islands only on official federal government business.

■■ This court recognizes that the District Court did not itself directly enact a federal local rule requiring federal government attorneys practicing only in federal court to pay local bar dues; instead, the by-laws of the Bar Association require such dues to be paid. Nevertheless, this court does not find that distinction to be dispositive as the district court authorized the Bar Association to enact by-laws consistent with the local rules. As discussed above, the Bar Association performs important services for the benefit of the District Court. The requirement that federal government attorneys pay local bar dues is reasonably related to District Court's duty to ensure the proper functioning of the federal courts and to supervise the attorneys practicing in those courts. Hence, the court holds that respondents may be required to pay local bar dues.

■■ Attorney Bonner makes one final argument. He contends that a local rule cannot be inconsistent with a federal statute, and points to 28 U.S.C. §§ 541 et sec. which permit the United States Attorney General to appoint assistant United States Attorneys to perform official duties for the United States Government. While not expressly stated, Attorney Bonner's argument must be that imposing local bar dues on an Assistant United States Attorney contravenes that part of the United States Code authorizing the Attorney General to appoint Assistant United States Attorneys. Local rules must not contravene Acts of Congress. 28 U.S.C. § 2071. The power to appoint Assistant United States Attorneys, however, is not absolute, and is subject to the court's rule-making power. In Lowrie v. Goldenhersh, 716 F.2d 401, 413 (7th Cir. 1983), an Assistant United States Attorney objected to an Illinois requirement that he take that state's bar examination in order to practice in federal court as a federal government attorney when he was already licensed to practice in another jurisdiction. The Court of Appeals for the Seventh Circuit held that the Illinois requirement that he take the bar examination did not impair the functions of the federal government. Id. In so holding, the court noted that the decision to accept a position as a federal government attorney "is a voluntary decision, made in light of all the applicable factors." Id. Here, the local rule that federal government attorneys who are admitted to practice in the District Court of the Virgin Islands belong to the Virgin Islands Bar Association does not contravene the statute authorizing the appointment of Assistant United States Attorneys. The imposition of membership dues of $100.00 annually is not so burdensome as to impair the function of the federal government. Attorney Bonner concedes he pays bar membership dues in other jurisdictions. If he practices in the Virgin Islands, even if it is on official federal government business, he is subject to the mandatory bar membership dues. If he no longer practices in the Virgin Islands, this court will not require him to continue to pay bar dues, but will require him to pay back dues for the time he was practicing in the Virgin Islands as an Assistant United States Attorney.

## III. CONCLUSION

For the above-stated reasons, the court finds that federal attorneys who practice in the District Court on official federal government business can be compelled to pay bar dues. Hence, the court

will order the suspension of respondents for failure to pay bar dues to take effect thirty days from this date.

An appropriate order will be entered.

## ORDER

This matter having come before the court on the motion of the Treasurer of the Virgin Islands Bar Association to suspend Thurston T. McKelvin, Esq. and Mark H. Bonner, Esq. from the practice of law in the Virgin Islands for the failure to pay bar membership dues;

Having considered the submissions and the arguments of the parties; and

For the reasons stated in the court's opinion of this date;

IT IS on this 14th day of February, 1991, hereby

ORDERED that THURSTON T. MCKELVIN and MARK H. BONNER be suspended from the practice of law in all Courts in the Virgin Islands on March 18, 1991 until all dues owed are paid along with accrued interest on said dues at the statutory rate from the date due to the date of payment.

No costs.