**VIRGIN ISLANDS BAR ASSOCIATION, ETHICS AND GRIEV-
ANCE COMMITTEE, Petitioner**

v.

**MONICA BOYD–RICHARDS, Respondent**

Civil No. 1989-65

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 28, 1991

RHYS S. HODGE, ESQ., St. Thomas, V.I., *attorney for petitioner*

MONICA BOYD–RICHARDS, ESQ., St. Thomas, V.I., *pro se*

BROTMAN, *Acting Chief Judge, Sitting by Designation*

## OPINION

Before the court is the petition of the Virgin Islands Bar Association, Ethics and Grievance Committee, for an order to show cause why Attorney Monica Boyd-Richards should not be disciplined for unethical conduct. On January 16, 1991, the court heard the order to show cause.

### I. FACTS AND DISCUSSION

On August 31, 1988, Yvonne Christian gave Attorney Boyd-Richards a deposit of $15,000.00 for Parcel Number 173–169 Estate Tutu

owned in part by Lalyit Mohammed, one of respondent's clients. On October 3, 1988, respondent accepted a $10,000.00 deposit from Philmon Matthews for the same piece of property. On October 12, 1988, Ms. Rose Beaufond gave a $1,000.00 deposit on that same piece of property to Attorney Boyd-Richards, and on October 28, 1989, she gave Attorney Boyd-Richards an additional deposit of $9,000.00. In total, Attorney Boyd-Richards received deposits of $35,000.00 for Parcel Number 173–169 Estate Tutu.

On January 26, 1989, Mr. Matthews filed a grievance against Attorney Boyd-Richards with the Virgin Islands Bar Association Ethics and Grievance Committee ("Ethics Committee") as did Ms. Christian. At some point after December 15, 1988 but before March 3, 1989, a business named Cooper Square of New York ("Cooper Square") filed a grievance with the Ethics Committee against Attorney Boyd-Richards. Cooper Square claimed that it sold merchandise to a company owned and operated by Attorney Boyd-Richards, Coast to Coast, and received check number 1109 drawn from the Escrow Account of the Law Offices of Monica Boyd-Richards in the amount of $1,662.30 to pay for that merchandise. That check was returned to Cooper Square by the Bank of Nova Scotia with the indication that there were insufficient funds in the account to cover the $1,662.30 payment.

The Ethics Committee, a Committee of the Virgin Islands Bar Association, is charged with investigating and prosecuting disciplinary proceedings against members of the Virgin Islands Bar pursuant to Rule 57, 5 V.I.C. App. V. Attorney Boyd-Richards is an attorney licensed to practice in the courts of the Virgin Islands.

Attorneys in the Virgin Islands are governed by the ethical rules adopted by the American Bar Association. Rule 57(e)(2) of 5 V.I.C. App. V. In 1983, the American Bar Association promulgated the ABA Model Rules of Professional Conduct which have been judicially adopted in this jurisdiction. See e.g., Isadora Paiwonski Associates, Inc. v. Sharp Properties, Inc., Civ. No. 1987, 44 (D.V.I. April 3, 1991); Brice v. Hess Oil of the Virgin Islands, Inc., Civ. No. 1989-214 (D.V.I. Nov. 16, 1990).

Rule 1.15(a) of the ABA Model Rules of Professional Conduct provides:

> A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a

separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client or third person. . . . Complete records of such account funds . . . shall be kept by the lawyer and shall be preserved for a period of [five years] after termination of the representation.

Rule 1.15(a) (brackets in original). Rule 1.15(a) of the ABA Model Rules of Professional Conduct incorporates Disciplinary Rule 9–102 of the ABA Model Code of Professional Responsibility. Disciplinary Rule 9–102 states:

Preserving Identity of Funds and Property of a Client

(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated. . .

(B) A lawyer shall:

(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his [or her] client regarding them.

(4) Promptly pay or deliver to the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.

In the instant case, the Ethics Committee charges that respondent did not keep the $35,000.00 deposited with her by Ms. Christian, Mr. Matthews, and Ms. Beaufond in an escrow account as required by Rule 1.15 and Disciplinary Rule 9–102. It is undisputed that the $35,000.00 should have been deposited in an escrow account. The sole issue before the court is whether the funds were indeed deposited in an escrow account, and, if not, what the appropriate sanction should be.

On Friday, March 3, 1989, the Ethics Committee conducted a hearing on various grievances against Attorney Boyd-Richards, including those by Mr. Matthews and Ms. Christian. The Ethics Committee asked Attorney Boyd-Richards to demonstrate that she had deposited the $35,000.00 from Ms. Christian, Mr. Matthews and Ms. Beaufond in an escrow account as required by Model Rule 1.15(a) of the ABA Model Rules of Professional Conduct and Disciplinary Rule 9–102 of the ABA Model Code of Professional Responsibility. The Ethics Committee specifically asked Attorney Boyd-Richards where

such monies were held as it also had before it the grievance by Cooper Square concerning the check issued from respondent's escrow account at the Bank of Nova Scotia which was returned for insufficient funds.

At the hearing before the Ethics Committee on March 3, 1989, Attorney Boyd-Richards claimed that she had the $35,000.00 in one of her escrow accounts, but that she was unsure as to which of her several escrow accounts held the deposits. She asked for a few days to secure her bank records to demonstrate that she had properly held the monies in an escrow account. As Attorney Boyd-Richards did not submit any bank records to the Ethics Committee, the Ethics Committee filed this petition to sanction Attorney Boyd-Richards on March 17, 1989.[1]

On June 2, 1989, Ms. Christian wrote to Attorney Boyd-Richards demanding her $15,000.00 deposit returned. On that date, a cashier's check from the Banco Popular de Puerto Rico was issued in the amount of $15,000.00 from Attorney Boyd-Richards to Ms. Christian. Two additional cashier's checks, each for $10,000.000 were issued to Mr. Matthews and Ms. Beaufond from the Banco Popular de Puerto Rico on that date from Attorney Boyd-Richards.

This matter was scheduled for a hearing on January 9, 1991. The matter was continued to January 16, 1991, and on that date the court heard the testimony of several witnesses, including Ms. Christian, Ms. Beaufond, Mr. Matthews and respondent.

Ms. Christian testified that she deposited $10,000.00 with Attorney Boyd-Richards for Parcel Number 173–169 Estate Tutu on September 1, 1988, and that her deposit was returned on June 2, 1989 after numerous requests. Mr. Matthews testified that he deposited $10,000.00 with Attorney Boyd-Richards for that same property on October 3, 1988, and that his deposit was returned in June of 1989. Ms. Beaufond testified that she deposited $1,000.00 with Attorney Boyd-Richards for the same property on October 12, 1988 and that she deposited an additional $9,000.00 on October 28, 1989.[2]

---

[1] The petition itself was dated March 8, 1989.

[2] There is some question as to whether Ms. Christian, Mr. Matthews and Ms. Beaufond entered into option contracts to purchase the property or whether they entered into actual contracts to purchase the property. The Ethics Committee also raised the issue of whether Ms. Boyd-Richards had the authority to enter into these agreements on her client's behalf. As the focus of the court's inquiry

Attorney Boyd-Richards testified on her own behalf at the January 16, 1991 hearing. She claimed that she did not wish to tell where her bank accounts were located as Mr. Hodge, the attorney prosecuting this petition for the Ethics Committee, represented her husband in their divorce action, and continually sought to discover her financial situation in order to better the position of his client, Paul Richards.[3] The court expressly told Attorney Boyd-Richards that the charges against her were very serious, and that she must come forward with evidence demonstrating that the checks of $15,000.00, $10,000.00, $1,000.00, and $9,000.00 deposited with her by Ms. Christian, Mr. Matthews and Ms. Beaufond for the purchase of Parcel Number 173–169 Estate Tutu were actually deposited in an escrow account. The court adjourned the hearing until January 30, 1991 to afford Attorney Boyd-Richards the opportunity to secure her bank records.

On January 30, 1991, the court reconvened this matter. Attorney Boyd-Richards presented a bank statement from the Banco Popular de Puerto Rico dated June 9, 1989 indicating that the account entitled "Law Office of Monica Boyd-Richards Escrow Acct" had a balance of $35,923.03 on May 9, 1989, and that $35,000.00 was withdrawn from that account on May 19, 1989. Attorney Boyd-Richards argued that this bank statement demonstrated that she had the $35,000.00 in escrow, and that the Ethics Committee petition to sanction her should be dismissed. The court adjourned the January 30, 1991 hearing, and specifically directed Attorney Boyd-Richards to obtain bank statements and/or deposit slips indicating that she had deposited the $35,000.00 in an escrow account in October of 1988, and that she had kept it there, segregated from her own monies, until she refunded the $35,000.00 to Ms. Christian, Mr. Matthews, and Ms. Beaufond on June 2, 1989. The court gave Attorney Boyd-Richards two weeks to submit such information in writing.

---

at the January 16, 1991 hearing was whether or not Ms. Boyd-Richards held the $35,000.00 deposited by these individuals in an escrow account, the court will not resolve these additional issues.

[3] Ms. Boyd-Richards testified about numerous matters which are not a part of the matter before the court. For example, Ms. Boyd-Richards made numerous allegations against Attorney Marshall Bell. As they are not germane to the issue before the court, namely whether Ms. Boyd-Richards deposited $35,000.00 in deposits in an escrow account segregated from her own funds, the court will not address those aspects of Ms. Boyd-Richards' testimony.

Attorney Boyd-Richards submitted a report to the court in February of 1991. In it, she recapitulated many of her arguments which had no bearing on whether or not she deposited the $35,000.00 in question in an escrow account segregated from her own funds. That report only tangentially addressed the escrow account issue. Her specific response to the issue of the escrow account was:

> Attorney [Hodge] made negative statements about my $35,000.00 dollars to Barclays Bank; the thirty five thousand [sic] dollars Banco Popular paid out to my clients; the $15,000.00 C.D. statement from Barclays and the fact that one of my escrow accounts reflected in excess of $44,000.00 and I feel he is totally biased with selfish motives. The banks would not have paid out those funds if the money was not there.

Paragraph 9 of Respondent's Notice of Submitted Report. She submitted the June 9, 1989 bank statement from Banco Popular de Puerto Rico which indicated that her escrow account had a balance of $35,923.03 on May 9, 1989. She submitted no other bank statements, deposit slips or any other bank records. She did submit a 1983 notice to evict signed by Attorney Hodge, and medical bills from March 1988, August 1988, and February 1990, and other miscellaneous items which did not pertain to her escrow accounts.

The court finds the $35,000.00 in question was not deposited in an escrow account segregated from Attorney Boyd-Richards' own funds when she received those monies in October of 1988 as required by Rule 1.15 of the ABA Model Rules of Professional Conduct and Disciplinary Rule 9–102 of the ABA Model Code of Professional Responsibility. The court bases its conclusion on its review of all of the evidence in this matter. The Ethics Committee presented information that a check written from Attorney Boyd-Richards' escrow account at the Bank of Nova Scotia was returned for insufficient funds in December of 1988. The individuals depositing the $35,000.00 indicated that they had difficulty regaining their deposits. Attorney Boyd-Richards was given numerous opportunities to present bank statements or bank deposit slips demonstrating that the $35,000.00 was deposited in an escrow account segregated from her other funds. She told the Ethics Committee in March of 1989 that she needed a few days to gather the records necessary to demonstrate that the $35,000.00 was held in an escrow account. Almost two years later, on January 16, 1991, Attorney Boyd-Richards indicated that she needed additional time to procure the bank records to demonstrate the

monies were held in an escrow account. After granting Attorney Boyd-Richards additional time to procure those records on several occasions, she never came forward with the necessary bank documentation demonstrating where that money was from October 1988 to May of 1989. The June 9, 1989 Banco Popular de Puerto Rico bank statement demonstrates that there was $35,923.03 in her escrow account on May 9, 1989, some seven months *after* Ms. Christian, Mr. Matthews, and Ms. Beaufond deposited the $35,000.00 with her, and just weeks before she refunded the $35,000.00 to those individuals.

Attorney Boyd-Richards' failure to provide bank statements or deposit slips demonstrating where the $35,000.00 was held from October of 1988 to May of 1989 leads the court to only one conclusion—the monies were not deposited in an escrow account in October of 1988. Such failure to deposit the $35,000.00 in an escrow account is a violation of Model Rule 1.15 of the ABA Model Rules of Professional Conduct, and Disciplinary Rule 9–102 of the ABA Model Code of Professional Responsibility.

■ As the court has found that Attorney Boyd-Richards has violated the ethical rules governing attorney behavior, the court must consider what the appropriate sanction should be. "The purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession and to deter other lawyers from engaging in [unethical conduct]." Louisiana State Bar Assoc. v. Pasquier, 545 So.2d 1014 (Louisiana 1989).

The violation involved, failure to place funds into an escrow account segregated from the attorney's own funds, is serious. It threatens both the public and the integrity of the legal profession, necessitating a strong sanction. In this case, the court is particularly concerned as Attorney Boyd-Richards has failed to comprehend the solemnness of her obligation to maintain proper escrow accounts. Attorney Boyd-Richards neither presented any evidence demonstrating that she deposited the $35,000.00 in an escrow account in October 1988 nor did she accept responsibility for any transgression. In mitigation, the court notes that in June of 1989, Attorney Boyd-Richards did return in full the money deposited by Ms. Christian, Mr. Matthews, and Ms. Beaufond.

The court finds that the appropriate sanction in this case is suspension from the practice of law for one year and until further order

of the court. In addition, upon Attorney Boyd-Richards reinstatement to the bar, she must work under the supervision of another attorney for a period of one year. In this way, both the public and the profession will be protected, and other lawyers will be deterred from engaging in such unethical conduct.

## II. CONCLUSION

■ For the foregoing reasons, the court will suspend Monica Boyd-Richards from the practice of law for one year and until further order of the court. Such suspension will commence 30 days from the date of this order in order to allow Attorney Boyd-Richards to transfer any pending matters to other attorneys. In addition, at such a time that Attorney Boyd-Richards is reinstated by court order pursuant to Rule 57(h)(1), 5 V.I.C. App. V, she must work under the supervision of another attorney for a period of one year.

An appropriate order will be entered.

## ORDER

This matter having come before the court on the petition of the Virgin Islands Bar Association, Ethics and Grievance Committee, for an order to show cause why respondent, Monica Boyd-Richards, should not be disciplined for unethical conduct;

The court having heard this matter on January 9, January 16, and January 30, 1991; and

For the reasons stated in the court's opinion of this date;

IT IS this 28th day of May, 1991, hereby

ORDERED that MONICA BOYD–RICHARDS is SUSPENDED FROM THE PRACTICE OF LAW for ONE YEAR such suspension to commence 30 days from the date of this order; and

FURTHER ORDERED that at such a time that Attorney Boyd-Richards is reinstated by court order pursuant to Rule 57(h)(1), 5 V.I.C. App. V, she must work under the supervision of another attorney for a period of one year.

Costs to be paid by respondent.