# IN THE MATTER OF THE APPLICATION OF JEFFREY B.C. MOORHEAD, ESQUIRE, FOR READMISSION TO THE BAR OF THE VIRGIN ISLANDS (INTEGRATED)

Misc. No. 17-1991

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 31, 1992

JEFFREY B.C. MOORHEAD, Christiansted, St. Croix, V.I., *pro se*

DOUGLAS CAPDEVILLE (V.I. Bar Association), Christiansted, St. Croix, V.I., *amicus curiae*

HODGE, *Presiding Judge*

## MEMORANDUM OPINION

## I. INTRODUCTION

This Petition for Readmission to the Virgin Islands Bar presents a significant issue of first impression. That issue is whether the Territorial Court has jurisdiction to admit attorneys to the Virgin Islands Bar. For the reasons which follow, this court holds that it does have jurisdiction to do so, and having reviewed the merits of petitioner's claim will grant the petition.

A copy of the Petition was served on the President of the V.I. Bar, whose input was invited. The matter was heard on November 19, 1991 in a consolidated hearing with a related Petition for Special Admission (Misc. No. 19-1991) filed by the Chief Territorial Public Defender. That petition sought limited admission of Petitioner to practice as a Territorial Public Defender on behalf of indigent criminal defendants. The Special Petition was granted by Order dated November 19, 1991, but this Petition was taken under advisement, and time was granted to the V.I. Bar to submit an amicus curiae brief, for which an Ad Hoc Committee of five members was appointed by the Bar President. The brief has now been received,

along with four other submissions by members of the Ad Hoc Committee.[1]

## II. BACKGROUND

Petitioner is a graduate of Howard University School of Law (J.D. 1986). On June 19, 1987 he filed in the District Court a petition for admission to the V.I. Bar, and on February 11, 1988 Judge David V. O'Brien of the District Court issued a Judgment on the petition (Civil No. 1987-167) admitting the Petitioner to the Bar of the Virgin Islands as an attorney and counsellor-at-law, and conferring upon him all the rights and privileges appertaining thereto. Prior to that date Petitioner had been admitted to practice law in Pennsylvania when on December 3, 1986 he was admitted by the Supreme Court of Pennsylvania. Petitioner is still in good standing with the Pennsylvania Bar and his license fee for the 1991–1992 Fiscal Year has been paid.

After his admission to practice in the Virgin Islands by Judge O'Brien, petitioner actively engaged in the practice of law until June 27, 1990 when he voluntarily resigned from the V.I. Bar because of pressing personal and family problems, resulting to some extent from the devastation of Hurricane Hugo on September 17–19, 1989.

On November 21, 1990 he applied to the District Court for readmission after resolving his personal and family problems. The original District Court civil number (Civil No. 1987-167) was used on that Petition for Readmission. Attached to that petition was a Certificate of Good Standing dated November 20, 1990 from the Clerk of the District Court and a Certificate of Service dated November 21, 1990 indicating that copies of the documents were served on Judge Stanley Brotman, the Acting Chief Judge of the District Court, and on Attorney Andrew Capdeville, then President of the V.I. Bar Association.

A hearing on the readmission application was scheduled for January 16, 1991 in the District Court, but prior to the hearing peti-

---

[1] The members of the Ad Hoc Committee of the Bar must be complimented for their contribution to this decision. All five members agree that the Territorial Court has jurisdiction to admit attorneys to practice before it, although two members make a distinction between "Admission to practice before the Territorial Court" and "Admission to the V.I. Bar." The court considers this to be a distinction without a difference, as explained in Part III, infra.

tioner was required to answer under oath certain personal questions propounded by Judge Brotman. All questions were answered by Petitioner under oath and submitted to both Judge Brotman and Attorney Douglas Capdeville, who had then replaced his brother Andrew Capdeville as President of the V.I. Bar.

No opposition to the Petition was filed by the V.I. Bar Association, but the hearing was held in camera with Judge Brotman, Attorney Douglas Capdeville, and Petitioner present, along with a court clerk and a court reporter. In the resulting Order dated January 14, 1991 Judge Brotman referred to certain unspecified in camera discussions regarding the Petition for Readmission, continued the matter without date, and ordered that the transcript of the hearing be sealed, pending further order of the court. Since no further action was taken by the District Court for approximately six months, petitioner filed a motion to withdraw his petition for readmission on June 13, 1991, and five days later Judge Brotman granted that motion and dismissed the petition without prejudice.

In a separate civil action filed in the District Court on September 18, 1991 (Misc. No. 91-0023) the Territorial Public Defender applied for the Special Admission of petitioner to practice before the courts of the Virgin Islands by virtue of his employment with the V.I. Government as a Public Defender based upon his good standing as a member of the Pennsylvania bar. There being no response or action to this motion by the V.I. Bar or the District Court, the Territorial Public Defender moved on October 2, 1991 to withdraw the application, and on October 9, 1991 the Motion to Withdraw was granted by Judge Brotman.

On October 1, 1991 the Territorial Court assumed full jurisdiction of all local civil actions pursuant to Sec. 21 of the Revised Organic Act, as amended, and local Act No. 5594, 4 V.I.C. Sec. 76(a) (Bill No. 18-0362). Subsequent to that date, the battlefield has shifted to this court with the filing of this Petition for Readmission on October 28, 1991 and the Petition for Special Admission on November 14, 1991.

It is undisputed in the record that Petitioner has met all of the bar admission requirements of 5 App. V, Rule 56; that he has satisfactorily passed the bar examinations in Pennsylvania and the U.S. Virgin Islands; that he has been admitted to practice law in both

jurisdictions; that there are no disciplinary proceedings pending against him; and that he submitted a resignation from the V.I. Bar.[2]

## III. DISCUSSION

Petitioner contends that jurisdiction of the Territorial Court to admit attorneys was first triggered by the significant 1984 Amendments to the Revised Organic Act of 1954 which granted increased autonomy to the local courts and authorized the V.I. Legislature to further increase that autonomy by legislative action. Petitioner also contends that the objective of such autonomy was to establish a relationship between the local courts and the federal court in the Virgin Islands that would be similar to the relationship between state courts and federal courts on the U.S. mainland. Petitioner further asserts that the authority granted by the 1984 Amendments to the V.I. Legislature was exercised when it vested full civil jurisdiction over local matters in the Territorial Court, and that included in this civil jurisdiction is the admission of attorneys to the V.I. Bar.

■ A comparative analysis of the old and new Organic Act provisions regarding the jurisdictional limits of the District Court and the local courts indicates that petitioner's contentions are meritorious. Moreover, further scrutiny of local legislation as well as local, state, and federal case law establishes beyond doubt that effective October 1, 1991 this court has jurisdiction to admit attorneys to practice before the V.I. Bar.[3]

A. *Federal Grant of Jurisdiction*

The Congress of the United States is granted plenary power over U.S. Territories, including the U.S. Virgin Islands. That power ema-

[2] Petitioner made an alternative contention that his resignation from the bar was never accepted by the District Court, and that therefore it was ineffective. Citing 7 Am. Jur.2d Sec. 27, Attorneys at Law and In the Matter of the Application of Randall S. Johns for Admission to the V.I. Bar (D.V.I. Misc. No. 1980-255) as authority for the proposition that a resignation must be accepted or consented to by the court to be effective, he contends that he remains a member in good standing of the V.I. Bar. In view of the court's holding today, it need not address this issue, for which no factual predicate was developed.

[3] The District Court's authority to admit attorneys to pract1ce before the federal bar is authorized by 28 U.S.C. Sec. 1654 and is not in issue here. "Procedure related to admission to the federal bar is separate and independent from procedure for admission to practice in courts of the Commonwealth of Puerto Rico." In re Berkan, 92 F.R.D. 382 (D.C. Puerto Rico, 1981).

nates from Article IV, Sec. 3, Clause 2 of the U.S. Constitution which provides as follows:

> *"The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States, . . ."*

This power is exercised through congressional legislation and, with respect to the Virgin Islands, was first embodied in the Act of March 3, 1917, then in the Organic Act of 1936, and later in the Revised Organic Act of 1954, as amended. These federal laws organized the Virgin Islands into a republican form of government with separation of powers divided among the legislative, executive, and judicial branches. Varying degrees of autonomy were vested in each branch over the ensuing years.

After the United States acquired the Virgin Islands from Denmark on January 17, 1917, Congress passed the Act of Congress, March 3, 1917 (39 Stat. 1132) which created a temporary government for the Virgin Islands. It provided, among other things, that local laws would remain in force and effect and "shall be administered by the civil officials and through the *local judicial tribunals* established in said islands . . . and the orders, judgments, and decrees of *said judicial tribunals* shall be duly enforced." Act of March 3, 1917, Ch. 171, Sec. 2, 39 Stat. 1132; June 25, 1948, Ch. 646, Sec. 39, 62 Stat. 992. Emphasis Added.

Over the years since that first enactment Congress has granted increasing autonomy to the local government over local matters. For example, authority has been granted to the people of the Virgin Islands to elect their own representatives in both the Legislative and Executive branches of government. See, Revised Organic Act of 1954, as amended, Sec. 5, 11 et seq. With respect to the Judicial branch, the grant of autonomy ebbed and flowed over the years, increasing in the 1936 Act, decreasing in the 1954 Act, and increasing again in the 1984 Amendments when Congress authorized the vesting of jurisdiction in the local courts over local matters, as explained below.

In the Organic Act of 1936, the first comprehensive congressional legislation organizing this Territory, Congress created the federal District Court of the Virgin Islands, whose administrative expenses were paid from appropriations of the U.S. Department of Justice, and provided for a federal judge whose compensation was fixed by the U.S. Attorney General. The act vested the judicial power of the

Virgin Islands in the District Court and in courts of inferior jurisdiction established by local law; however, there was a significant provision which stated:

". . . Provided, that the legislative assembly may provide for the organization and conduct of a Superior Court of the Virgin Islands and may transfer from the District Court to such Superior Court jurisdiction over any or all causes other than those arising under the laws of the United States."

Act of June 23, 1936, ch. 699, Sec. 25, 49 Stat. 1813. Since the Legislative Assembly never created a Superior Court, many local matters remained within the jurisdiction of the District Court. Provision was made in Sec. 27 for the judge of the District Court to prescribe rules and regulations for the practice and procedure in the federal court. However, provision was also made in Sec. 32 for the rules governing the local courts to be established by local law. Act of June 22, 1936, ch. 699, Sec. 32, 49 Stat. 1814.

Nevertheless, upon the revision of the Organic Act in 1954 Congress directly vested the jurisdiction in the federal District Court to admit attorneys to practice before the local courts. The language of that grant to the District Court reads as follows:

". . . . The rules governing the practice and procedure of the inferior courts and prescribing the duties of the judges and officers thereof, oaths and bonds, the times and places of holding court, and the procedures for appeals to the district court shall be as may hereafter be established by the district court."

Act of July 22, 1954, ch. 558, Sec. 23, 68 Stat. 506. The 1954 Organic Act also authorized the consolidation, codification, and revision of the local laws and ordinances in force in the Virgin Islands. July 22, 1954, ch. 558, Sec. 8(e), 68 Stat. 500. Hence, the V.I. Code was published in July, 1957 and the provision regarding admission of attorneys to the bar was enacted as 4 V.I.C. Sec. 441 and, consistent with former Sec. 23, provided as follows:

"The district court has jurisdiction over the admission of attorneys at law to practice in the courts of the Territory and over the discipline of persons so admitted and may make rules and regulations governing the practice of law in the Territory."

Thus, by both the federal law and the local law the District Court possessed jurisdiction over the admission of attorneys to the V.I. Bar at that time.

Such federal court control of local judicial matters led to many years of agitation by both the bench and bar for judicial autonomy in all areas of judicial activity, although there was some resistance by certain federal and local opponents. In an unusual confrontational debate between this writer and Judge Albert Maris of the Third Circuit, the issue of autonomy regarding appeals was highlighted in the September, 1979 edition of the Law Letter, then a quarterly publication of the V.I. Bar.

As I stated in my debate with Judge Maris:

> ". . . I strongly disagree, however, with the attempt to utilize the federal legislative machinery to statutorily embalm the anachronism of federal control of local matters, under the guise of a temporary measure."

Law Letter, V.I.B.A. Vol. 1, No. 3, pg. 1 (Sept. 1979).[4]

Ultimately, the agitation resulted in the comprehensive 1984 Amendments to the Revised Organic Act of 1954. Those historic amendments, many of which have been too long and too blatantly ignored, granted substantial autonomy to the local courts and the local legislature, and provided for the divestment from the District Court of most of its jurisdiction over local matters. In addition, Congress repealed the archaic "one-judge" appellate court and created a "three-judge" Appellate Division of the District Court. But most significantly, Congress also provided for the divestment from the District Court of jurisdiction over admission of attorneys to practice before the local courts by repealing the former Sec. 23 of the 1954 Organic Act, and enacting a new Sec. 21(c) providing for the vesting of that jurisdiction in the local courts, as follows:

> "The rules governing the practice and procedure of the courts established by local law and those prescribing the qualifications and duties of the judges and officers thereof, oaths and bonds, and the times and places of holding court shall be governed by local law or the rules promulgated by those courts."

Act of Oct. 5, 1984, Pub. L. 98–454, Title VII, Sec. 702, 98 Stat. 1737.

Estate Thomas Mall, Inc. v. Territorial Court, 923 F.2d 258 (3d Cir. 1991), teaches us that jurisdictional provisions, such as Sec. 21(c) and 22(b), are not ex proprio vigore, i.e., not self-executing. Thus,

---

[4] A copy of this Law Letter is attached as Appendix I and a reading of the full text of the debate is enlightening and instructive regarding this ongoing struggle.

subsequent local legislation or local promulgation of rules was needed in order to activate them. Specifically, Sec. 21(c) requires the enactment of a local law or the promulgation of rules by the local courts subsequent to the effective date of the 1984 Amendments. Although Sec. 1005 of Public Law 98–454 provided that the 1984 Amendments became effective on the ninetieth day following its enactment on October 5, 1984, Sec. 21(c) and Sec. 22(b) did not become effective on that date. Instead, those jurisdictional sections remained dormant until affirmative action was taken by the V.I. Legislature and the Governor on September 5, 1990 with the enactment of Act No. 5594, which vested jurisdiction over all local civil actions in the Territorial Court, effective October 1, 1991.

Upon the vesting of this jurisdiction in the Territorial Court on October 1, 1991, the District Court was then divested of such jurisdiction, and the prior local law, 4 V.I.C. Sec. 441, being inconsistent with Act 5594, was rendered null and void, as is further explained in Sec. C(2), infra.

Accordingly, jurisdiction over the admission of attorneys to the V.I. Bar was clearly vested in the Territorial Court by Sec. 21(c) and its triggering mechanism, local law Act 5594, on and after October 1, 1991.[5]

B. *Local Grant of Jurisdiction*

In addition to the foregoing federal grant of jurisdiction to the local courts over admissions to the local bar, the 1984 Amendments also authorized the local legislature, with the few exceptions cited in Sec. 22(a) and (c), to vest jurisdiction over all local causes in the local courts.

Sec. 21(b) of the Revised Organic Act of 1954, as amended, provides as follows:

> "The legislature of the Virgin Islands may vest in the courts of the Virgin Islands established by local law jurisdiction over all causes in the Virgin Islands over which any court established by the Constitution and laws of the United States does not have exclusive jurisdiction. Such jurisdiction shall be subject to the concurrent jurisdiction conferred on the District Court of the Virgin Islands by Sec. 22(a) and (c) of this Act."

---

[5] The recent adoption by this court of Rules 301, 302 and 303 governing the practice of law is also a triggering mechanism of Sec. 21(c). See, Order of Adoption of Rules, Misc. No. 9-1992. Thus, by both local law and local court rules jurisdiction over V.I. Bar admissions became vested in this court under Sec. 21(c).

While authorizing the local legislature to vest the jurisdiction of such local matters in the local courts, Congress was at the same time authorizing the divestment from the District Court of concurrent jurisdiction over those matters that were not excepted. This is made quite clear by a further specific limitation on the District Court's jurisdiction by the 1984 Amendments under Sec. 22(b) which, among other things, stated:

"(b) In addition to the jurisdiction described in subsection (a) the District Court of the Virgin Islands shall have general original jurisdiction in all causes in the Virgin Islands *the jurisdiction over which is not then vested by local law in the local courts of the Virgin Islands: . . . .*" Emphasis Added.

■ The foregoing language when read in conjunction with the provision of Sec. 21(b) establish beyond doubt the authority of the local legislature to divest the District Court of jurisdiction over local matters which it had hitherto possessed. However, as in the case of Sec. 21(c) supra, Sections 21(b) and 22(b) are not self-executing, and a subsequent local enactment was therefore needed to trigger their implementation.

In Estate Thomas Mall, Inc. v. Territorial Court, supra, the Third Circuit held that even where the local legislature had previously enacted a local law vesting jurisdiction in the local court over Forcible Entry and Detainer (FED) actions, the District Court was not divested of its jurisdiction over such cases under Sec. 21(b) and 22(b) unless the legislature enacted another law subsequent to the 1984 Amendments, vesting such jurisdiction in the local court. In other words, such Organic Act provisions were not immediately effective, even in the face of a pre-existing FED law vesting jurisdiction in the local court. In Estate Thomas Mall, Inc., therefore, divestment of jurisdiction from the District Court was not triggered until the passage of Act No. 5594, which became effective on October 1, 1991 and vested jurisdiction over all local civil cases, including FED cases, in the Territorial Court. See, Estate Thomas Mall, Inc., supra, at Fn.6. Thus, although an FED law was on the books prior to the enactment of 1984 Amendments, it was held to be of no force and effect for jurisdictional transfer purposes. Accordingly, just as the pre-existing FED provision, 28 V.I.C. Sec. 782(b), was a nullity with respect to Sec. 21(b) and 22(b), similarly the pre-existing bar admission provision, 4 V.I.C. Sec. 441(a), is also a nullity with respect to Sec. 21(c).

The new local law that triggered this new jurisdictional grant as to both Sec. 21(c), regarding admissions to the bar, and Sections 21(b) and 22(b) regarding local causes, provides as follows:

> "Subject to the original jurisdiction conferred on the District Court by Sec. 22 of the Revised Organic Act of 1954, as amended, effective October 1, 1991, the Territorial Court shall have original jurisdiction in all civil actions regardless of the amount in controversy."

Act No. 5594 (Bill No. 18-0362), Sec. 1, 4 V.I.C. Sec. 76(a). This language is clear and unequivocal, and includes all civil actions cognizable in the local courts, as authorized by the pertinent provisions of the Revised Organic Act. The only exceptions would be those civil matters with jurisdiction vested exclusively in the federal courts.

■ With the effectiveness of Act No. 5594 on October 1, 1991, jurisdiction by the District Court over local civil matters was divested, and such jurisdiction is now vested in the Territorial Court. In passing Act No. 5594, the V.I. Legislature acted consistent with the Organic Act, hereby rendering null and void any prior local law that was inconsistent therewith. Specifically, 4 V.I.C. Sec. 441(a) was thus repealed by implication, as is further explained in Sec. C(2), infra.

■ Accordingly, since the Petition for Readmission to the local bar is a local civil action, the Territorial Court has exclusive jurisdiction to entertain it based on Secs. 21(b) and 22(b), and Act No. 5594. This grant of jurisdiction over admissions to the local bar is in addition to the similar grant of such jurisdiction authorized by Sec. 21(c) and Act No. 5594. while the mandate of Sec. 21(c), triggered by Act No. 5594, is sufficient to vest exclusive jurisdiction in the "courts established by local law" over the admission of attorneys to the local bar, the additional mandate based on Secs. 21(b) and 22(b), also triggered by Act No. 5594, places the issue beyond doubt. This confirms the intent of Congress in the 1984 Amendments to grant more judicial autonomy to the local courts,[6] and to

---

[6] As used in the Organic Act and in this opinion "local courts" mean "courts established by local law," in contradistinction to "federal courts" which mean "courts established by federal law." The Territorial Court is a local court, but the District Court (with its Appellate Division) is a federal court. See, Revised

establish a local court/federal court relationship in the Virgin Islands that is similar to state court/federal court relationships in the United States. Thus, in addressing the relations between the courts Congress provided in the new Sec. 23, as follows:

"The relations between the courts established by the Constitution or laws of the United States and the courts established by local law . . . shall be governed by the laws of the United States pertaining to the relations between the courts of the United States . . . and the courts of the several states in such matters and proceedings. . . ."

October 5, 1984, Pub. L. 98–454, Title VII, Sec. 704, 98 Stat. 1739. The generally accepted practice in state/federal relations regarding admission of attorneys is that admission to the state bar is the predicate for admission to the federal bar in that state. In order to comply with the foregoing language of Sec. 23, that standard relationship should be similarly applied in the Virgin Islands where admission to the V.I. Bar would be the predicate for admission to the federal bar in the V.I. It is precisely this form of parallelism that Congress has mandated, but which is being frustrated by those who have not yet been weaned off federal dependency, and who show little respect for congressional intent and no respect for the local court.

■■ Moreover, in determining that the Petition for Readmission is a local civil action the analysis included the previously cited language of the Revised Organic Act and the language of Act 5594, 4 V.I.C. Sec. 76(a). In those provisions, the use of the phrases "all causes" in Sec. 21(b), "civil actions" in 22(b), and "all civil actions" in Act 5594 are clear and unambiguous, and this court accords to each its broad, general meaning. Civil actions therefore include all types of actions, other than criminal proceedings, brought to enforce, redress, or protect private rights.

In the great majority of states which have adopted rules of civil procedure as patterned on the Federal Rules of Civil Procedure, there is only one form of action known as a "civil action." The former distinction between actions at law and suits in equity, and the separate forms of those actions and suits,

---

Organic Act of 1954, as amended, Sec. 21 et seq. See also, Black's Law Dictionary, Special Fifth Edition, 550 (re federal courts) and 846 (re local courts).

have been abolished. Rule of Civil Proc. 2; New York CPLR Sec. 103(a).

Black's Law Dictionary, Special Fifth Edition, 222 (1979). See, also, Gillson v. Vendome Petroleum Corp., 35 F.Supp. 815 (D.Ca., 1940). Indeed, no monetary valuation is necessary to constitute a civil action. Duvergee, Inc. v. Gov't, 22 V.I. 56, 65 (1986). In addition, the record establishes that upon the initial filing of the petition for admission in the District Court in 1987 it was docketed as a civil matter and was numbered Civil No. 1987-167. Similarly, on the petition for readmission in 1990 the same civil docket number was used by that court. Modern pleading practice, pursuant to the Federal Rules of Civil Procedure, also militate in favor of construing the petition for admission to be a civil action. The civil rules govern the procedure in all actions of a civil nature, whether cognizable as cases at law or in equity, with few exceptions, and compel one form of action to be known as a "civil action." See, F.R.Civ.P. 1, 2, and 81. Furthermore, it applies to unlimited non-criminal proceedings, including petitions for admission to U.S. citizenship, habeas corpus proceedings, subpoena enforcement proceedings, removal proceedings, proceedings to enforce administrative orders, and most special proceedings. Id.

It has been argued that Niklaus v. Simmons, 196 F.Supp. 691 (D.Neb. 1961) implies that a petition for admission is neither a civil nor a criminal action. This court rejects that implication because that case is clearly inapposite and the issue in Niklaus was not the nature of a petition for admission but whether state statutes or court rules governed disbarment proceedings. The court held that disbarment proceedings were governed by court rules and that "statutes relating to parties to actions" were not applicable to such proceedings, which were not "actions", either civil or criminal, within the meaning of the state statutes. In this case, the nature of this petition raises no implications with respect to "statutes relating to parties to actions", and, of course, it cannot be simply disregarded as a petition without a classification. In the Virgin islands, disciplinary actions against attorneys are in the nature of civil actions, in which Orders to Show Cause are served pursuant to Fed.R.Civ.P. 4 and 5 V.I.C. Sec. 4911. See, 5 App. V, Rule 57. See also, In the Matter of the Motion of the V.I. Bar Asso. for the Suspension of Members, 26 V.I. 216 (D.V.I. 1991) in which Judge Brotman presided over this "civil action" docketed as Civil No. 1990/106. Sim-

ilarly, in this court, miscellaneous civil numbers are assigned to all special proceedings which are non-criminal in nature, such as habeas corpus proceedings, mental health proceedings, etc., and they are in every other respect "civil actions" to which the civil rules apply. See also, Homer v. Lorillard, 6 V.I. 558 (1967); V.I. Bar Asso. v. Boyd-Richards, 26 V.I. 299 (1991).

This court therefore concludes that this Petition for Readmission to the bar is, in fact, a "civil action" within the meaning of Sec. 21(b) and 22(b) of the Revised Organic Act of 1954 as amended, and local Act 5594. Accordingly, through the enactment of Act 5594 by the V.I. Legislature, subsequent to the effective date of the 1984 Amendments, the Territorial Court is the recipient of the local grant of jurisdiction over admissions to the V.I. Bar, effective October 1, 1991, as authorized not only by Sec. 21(c), but also by Sections 21(b) and 22(b) of the Revised Organic Act of 1954, as amended.

## C. *Resistance to Grant of Jurisdiction*

The foregoing commands of both the federal and local legislative enactments unambiguously vest jurisdiction in the local courts over most local matters, including admission of attorneys to the local bar. They also establish a local/federal judicial relationship similar to existing state/federal judicial relationships on the mainland. See, Rev. Org. Act Sec. 23. Nevertheless, certain members of our legal community offer varied resistance to those mandates. These opponents seem to be so addicted to the governing hand of the federal court that they appear to be unable to summon the willpower to break that addiction and to recognize that Congress has substantially freed the local judiciary from federal control.

In addition to the previously discredited contention that a petition for admission is not a civil action, the resistance forces make three further contentions.

Specifically, they allege (1) that three bar admissions are required—to the Territorial Court, to the District Court, and to the V.I. Bar; (2) that jurisdiction over bar admissions is vested in the District Court by 4 V.I.C. Sec. 441; and (3) that bar admission authority must be vested in the "highest court of strictly local jurisdiction."

This court finds these contentions to be without merit, as explained below, seriatim:

87

### 1. *Three Bar Admissions*

It is argued that although the law presently authorizes the local court (Territorial Court) to admit attorneys to practice before it, and the federal court (District Court) may do likewise as to practice in that court, none of those admissions constitute "Admission to the Bar of the Virgin Islands." This strange stretch of imagination demonstrates the extent to which resistance to the inevitable exists. This scenario attempts to make a distinction between "local" court or "local" bar and "Virgin Islands" court or "Virgin Islands" bar, with the implication that admission to the local court or bar is not an admission to the Virgin Islands court or bar. This is a clear case of a distinction without a difference, especially at the present stage of our judicial growth. Perhaps these opponents are influenced by the "local" vs. "state" dichotomy in the judicial structure of courts within the several states. If so, it is misplaced in its application to the Virgin Islands. Here, as provided in the various applicable sections of the Revised Organic Act, as amended, "local" courts mean "courts established by local law."

At present, the Territorial Court is the only "court established by local law," and although there is authority for the creation of a local appellate court, it is not a mandatory requirement. See, Rev. Org. Act, Secs. 21, 23A. Moreover, the suggestion that until the local Legislature creates the Supreme Court of the Virgin Islands there can be no admissions to the Bar of the Virgin Islands is totally without merit.

▮ Indeed, until that option to create a local appellate court is exercised, the Territorial Court is, in fact, the highest non-federal court in the Virgin Islands.[7] Thus, admission to the Territorial Court bar is simultaneously admission to the Virgin Islands bar. Accordingly, the contention that three bar admissions are required is rejected.

### 2. *Jurisdiction vested in District Court by 4 V.I.C. Sec. 441.*

When the various laws of the Virgin Islands were first consolidated, codified, and revised in 1957 as the Virgin Islands Code,

---

[7] The Territorial Court is recognized as such by the National Center for State Courts, the National Judicial College, and the Conference of Chief Justices by its membership in these non-federal organizations, and its classification and acknowledgment by them as the highest non-federal court in the V.I., similar to state courts and the local courts of Puerto Rico, Guam, and American Samoa.

control of admissions to the V.I. Bar was already vested in the District Court by former Sec. 23 of the Revised Organic Act of 1954, as explained above. Consistent therewith 4 V.I.C. Sec. 441, enacted under the new codification, appears on its face to vest jurisdiction in the District Court over all bar admissions. This appearance is false.

Former District Court Chief Judge Almeric Christian in determining the source of his authority to admit attorneys addressed this issue in the case of In The Matter of the Application of Deverita Carty-Sturdivant for Admission to the Bar of the Virgin Islands. Misc. No. 82-162 (D.V.I. 1982). There, Judge Christian held that 4 V.I.C. Sec. 441(a) was not a grant of power to the District Court, but was merely a recognition of "the existence of power and authority already vested in the District Court." He further stated:

> "For the font from which the power of the District Court emanates is the same wellspring from which all governmental power, executive, legislative, and judicial, flows, i.e., The Organic Act of this Territory."

Id., p. 2. Judge Christian therefore declared null and void those local statutory provisions that were inconsistent with the Organic Act, i.e. 4 V.I.C. Sec. 441(b) and Sec. 443. Since 4 V.I.C. Sec. 441(a) was not inconsistent with the Organic Act at that time, it was not declared null and void because as he said "no harm was done." However, since the 1984 Amendments, 4 V.I.C. Sec. 441(a) is not only inconsistent with the triggering mechanism of the new Sec. 21(c), i.e. Act 5594, but also with the case law as determined by the Third Circuit in Estate Thomas Mall, Inc., supra.

As stated previously, Congress has now vested jurisdiction over admission to the V.I. Bar in the "courts established by local law." Rev. Org. Act, Sec. 21(c). This grant of jurisdiction by Sec. 21(c) to the Territorial Court, the only "court established by local law," when coupled with the "local law", i.e. Act No. 5594 means that 4 V.I.C. Sec. 441(a) is bereft of all vitality, and is therefore null and void.

Moreover, since Estate Thomas Mall, Inc., supra, teaches that the jurisdictional grants were not "ex proprio vigore" and that therefore subsequent legislative enactments were needed to trigger jurisdictional action, the then-existing law, 4 V.I.C. Sec. 441(a), was of no force and effect. It further teaches that the subsequent enactment of Act No. 5594 by the V.I. Legislature, granting full civil jurisdiction to the Territorial Court, constituted the triggering

mechanism which divested the District Court of jurisdiction over FED and other local civil actions, including admissions to the bar, and vested such jurisdiction exclusively in the Territorial Court, effective October 1, 1991.

Hence, the enactment of Act No. 5594 nullifies 4 V.I.C. Sec. 441(a), repeals it by implication, and establishes beyond doubt that, like the other provisions of Sec. 441, it is also null and void. Accordingly, 4 V.I.C. Sec. 441(a) was not then and is not now a valid source for vesting jurisdiction in the District Court over admissions to the V.I. Bar.

3. *Bar Admission authority must be vested in the "highest court of strictly local jurisdiction."*

Claiming that the "traditional and universal" repository of jurisdiction for bar certification is the "highest court of strictly local jurisdiction," and that if such jurisdiction is vested in a trial court, attorneys" reciprocity with other states would be jeopardized, the resistance forces contend that the Appellate Division of the District Court, a federal court, is the proper court for V.I. bar admissions. To reach this conclusion they had to deliberately ignore the specific and unequivocal language used by Congress in vesting such jurisdiction in the local courts.

The phrases "local court established by local law," "courts of the V.I. established by local law," and "local courts of the Virgin Islands" are used throughout Sections 21, 22, and 23 of the Revised Organic Act, as amended. Nowhere in the text is the phrase "highest court of strictly local jurisdiction" used by Congress. From what source was this phrase manufactured? It belies a flawed exercise in the legal analysis of the language of the 1984 Amendments to the Revised Organic Act. Since Sec. 23A created the Appellate Division of the District Court, can there be any doubt that it is a federal court? Can addiction to federal control be so pervasive and blinding that intelligent legal minds cannot see the simple difference between a "federal" court and a "local" court? That seems to be the only plausible rationale for the skewed mindset of those who are unable to break their dependency on federal power—a power which has been stripped away by Congress from their desperate, dying grasp. Still they attempt in every way to obstruct the will of Congress and to encourage those who act like colonial plenipotentiaries to illegally control the local bench and bar. Fortunately, the law is very clear and may be summarized as follows:

1. Congress repealed the provisions of the former Sec. 23 which had vested jurisdiction over V.I. bar admissions in the District Court.

2. Congress has now provided by the new Sec. 21(c) that the rules governing the practice and procedure in the "courts established by local law" shall be governed by local law or the rules promulgated by the local courts.

3. The former local law, 4 V.I.C. Sec. 441, is repealed by implication because of its inconsistency with the current laws.

4. The new local law, Act No. 5594, vests jurisdiction over all local civil matters in the local court.

5. Neither the District Court nor its Appellate Division is a "court established by local law."

■ The foregoing shows clearly that jurisdiction over local bar admissions is vested in the "courts established by local law," and since the Appellate Division of the District Court and the District Court itself are not "courts established by local law," they are incapable of being the repository of such jurisdiction. Instead, they are courts established by federal law, and as such may possess jurisdiction over admissions to the federal bar, but that is completely different from having jurisdiction over admission to the V.I. Bar.

Read in context, the judicial branch provisions of the 1984 Amendments manifest the unequivocal Congressional grant of autonomy to the local courts over local matters, with a few specifically stated exceptions. Jurisdiction over V.I. bar admissions is not one of those exceptions. Indeed, what Congress has granted, the V.I. Legislature cannot deny. This is especially true in dealing with judicial matters, such as admission and discipline of attorneys, which are governed by rules of court rather than by statute. See, 4 V.I.C. Sec. 441, Revision Note. As Judge Christian stated:

"All power and authority of the District Court of the Virgin Islands stems from the Revised Organic Act rather than from any act of the Legislature of the Virgin Islands."

In the Matter of the Application of Deverita Carty Sturdivant, supra. Moreover, even if the prior local law, 4 V.I.C. Sec. 441, had vested bar admission jurisdiction in the District Court pursuant to the former Sec. 23 of the Revised Organic Act, both provisions have now been repealed by the new local law, Act No. 5594, and the current Sec. 21(c) of the Revised Organic Act, as amended in 1984.

Those resisting change also contend that it is traditional and universal for jurisdiction over admissions to be vested in the highest court of a jurisdiction. However, even "tradition" and "universality" cannot vitiate constitutional and statutory mandates. With respect to the Virgin Islands, the Revised Organic Act authorizes, but does not compel, the creation of more than one layer of local courts. Thus, when the V.I. Legislature deems it appropriate it will create a Virgin Islands Supreme Court or other appellate court. Presently, the Territorial Court is the only, and therefore the "highest" court established by local law. Indeed, even after a Supreme Court is created, it is neither mandatory nor universal that the jurisdiction for bar certification be vested in that court. For example, in Connecticut the jurisdiction over admission to the state bar is vested in the Superior Court, a trial court, even though the Connecticut Supreme Court exists. See, Conn. Practice, Sec. 18. See also, Scott v. State Bar Examining Committee, Conn. Sup. Ct. No. 14210 (Jan. 14, 1992).

This court therefore concludes that the "highest court of strictly local jurisdiction" argument is totally baseless and without merit. Finding no proof or citations of any kind to support the further contention that attorneys' reciprocity would be jeopardized in any way, this court considers that allegation to be nothing more than a gratuitous insult to the local bench and bar.

Accordingly, since the Territorial Court is the only court of the Virgin Islands established by local law, it is the only legal repository of jurisdiction over admissions to the Virgin Islands Bar, consistent with federal and local law.

D. *Procedural Implementation*

The inescapable conclusions of the foregoing analysis are (1) that Congress mandated that the rules governing the practice and procedure of the local courts, including admission of attorneys to the non-federal bar, shall be governed by local law for by rules promulgated by the local courts, (2) that the vesting of this jurisdiction in the local courts was not self-executing, (3) that the affirmative enactment of Act No. 5594 triggered the vesting of that jurisdiction, effective October 1, 1991, in the local courts, and (4) that the District Court was simultaneously divested of jurisdiction over admissions to the local law, effective October 1, 1991.

Thus, contrary to the contention of the Petitioner, the District Court did not lose jurisdiction over admissions to the local bar

upon the effective date of the 1984 Amendments, and its actions over the last seven years in admitting and disciplining attorneys were not ultra vires. Indeed, any such matters which were initiated prior to October 1, 1991 and remain pending may be pursued to final determination by the District Court in accordance with Sec. 703(b) of Title VII of Public Law 98–454 (98 Stat. 1738).

The Territorial Court, in exercising its jurisdiction over admissions to the bar, has preliminarily adopted new Rules 301, 302, and 303 governing the practice of law, based on the provisions of Rules 51, 56, and 57 of the Rules of the District Court.[8] See, Order of Adoption of Rules, Misc. No. 9-1992. This temporary procedural implementation, effectuated pursuant to 5 V.I.C. App. IV, Rule 7 of the Territorial Court Rules, enables the admission procedures to parallel those previously used by the District Court and the V.I. Bar Association, thereby avoiding disruption in the bar admission process and providing a smooth transition in transferring jurisdiction from one court to the other. Moreover, this initial implementation procedure complies with 3 V.I.C. Sec. 324 which compels the use of all the means to carry a mandate into effect.

In preparation for the transition it has been determined that no bar exams have been given subsequent to October 1, 1991, and that the 1992 exams are scheduled for July 29 and 30, 1992, with the 30-day application deadline set for June 30, 1992. This favorable time-table allows for adequate transitional preparation by representatives of the Territorial Court, the District Court, and the V.I. Bar Association. Satisfactory coordination will insure the continuation of a comprehensive system for the regulation of the practice of law in the Virgin Islands and guarantee the timely and efficient servicing of all bar applications and other business of the Virgin Islands Bar.

## IV. CONCLUSION

Based on the foregoing, this court holds that the Territorial Court has exclusive jurisdiction to admit attorneys to the Virgin Islands Bar, effective October 1, 1991.

---

[8] The adoption of the rules by the Territorial Court forecloses any possible residual vitality of 4 V.I.C. Sec. 441(a) because "in accord with the modern practice" admission of attorneys is "governed by rules of court rather than by statute." See, Revision Note to 4 V.I.C. Sec. 441.

This court further holds that the Petition for Readmission of Jeffrey B.C. Moorhead to the Virgin Islands Bar, being meritorious in every respect, will be granted.

## JUDGMENT

This matter came on for hearing on November 19, 1991, and the court having examined the exhibits and briefs of petitioner and the V.I. Bar Association, amicus curiae, as well as all supplemental submissions by the Ad Hoc Committee of the Bar Association, and having entered its Findings of Facts and Conclusions of Law in the Memorandum Opinion of even date, it is hereby,

ORDERED, ADJUDGED AND DECREED, that the Territorial Court has exclusive jurisdiction to admit attorneys to the Virgin Islands Bar, and it is further,

ORDERED, ADJUDGED AND DECREED, that JEFFREY B.C. MOORHEAD is hereby readmitted to the Bar of the Virgin Islands as an attorney and counsellor-at-law, with all the rights and privileges appertaining thereto, upon taking the prescribed Oath, and it is further,

ORDERED, that the Clerk of the Territorial Court shall thereafter place Petitioner's name on the roster of attorneys.