LEROY G. SINN & others *vs.* BOARD OF SELECTMEN OF ACTON & another.

Middlesex. April 8, 1970. — June 9, 1970.

Present: SPALDING, CUTTER, REARDON, & QUIRICO, JJ.

*Zoning*, Validity, Municipal uses. *Constitutional Law*, Equal protection of laws. *Words*, "Development," "Municipal uses."

In a provision of the zoning by-law of a town that nothing therein should prohibit the "development" of land for municipal use and that such use should not be exempt from the general or specific regulations of the by-law "other than the Use Regulations," the word "development" encompassed not only acts done on land to prepare it for construction of municipal buildings but also the construction thereof. [608–609]

It could not be said that a zoning by-law of a town exempting all "municipal" uses from the use regulations of the by-law in all districts was

invalid as bearing no substantial relation to the purposes of the zoning enabling act, but the validity of such a broad exemption could be determined only by examining its application in particular cases. [609–610]

Respecting a zoning by-law of a town exempting all municipal uses from the use regulations in all districts, and a proposal to use for refuse, alongside an existing dump, and for buildings to house facilities and offices for various town departments a tract acquired by the town in a residential zoning district and fronting on a major highway, the proposed uses and their location bore a substantial relationship to the health and welfare of the town. [610–611]

There was no merit in a contention by owner-occupants of land abutting a tract acquired by a town in a residential zoning district that a proposed use of the tract for municipal purposes pursuant to a duly adopted amendment of the zoning by-law exempting all municipal uses from the use regulations in all districts would deny "all owners of lands in the various districts" the equal protection of the laws [611]; nor was there merit in a contention that by such proposed use the town would effect the equivalent of a zoning amendment changing the character of a district without having met the public scrutiny provisions of G. L. c. 40A, §§ 6–7 [611–612].

PETITION filed in the Superior Court on April 28, 1969.

The case was heard by *Hennessey, J.*

*Harold M. Willcox (John C. Wyman* with him) for Paul E. Manchester & others.

*Herbert P. Wilkins,* Town Counsel (*Jon S. Richardson* with him), for the respondents.

*Eugene L. Tougas,* for Leroy G. Sinn & others, submitted a brief.

SPALDING, J.    This petition for a writ of mandamus challenges a provision in the zoning by-law of the town of Acton (town) which exempts all municipal uses from the use restrictions of its zoning by-law. The case was heard on two stipulations of facts which incorporated numerous exhibits.   On the basis of these stipulations the judge made findings of fact and ordered the petition dismissed.   The petitioners appealed from judgment of dismissal.   G. L. c. 213, § 1D.

The litigation arises out of steps taken by the town to increase its dumping area and construct public works buildings, offices, and a parking lot in an area zoned for residential

and agricultural uses. The existing refuse area, although located in a residential zone, was developed prior to the town's adoption of a zoning by-law in 1953, and thus is not subject to its restrictions. The 1969 town meeting authorized acquisition of a tract of land owned by one Linda Bursaw. The Bursaw tract is located in a residential zone. It abuts Route 2, on the opposite side of which is land zoned for light industrial uses. The town, acting through its selectmen, thereafter acquired the Bursaw land. It now proposes to use a portion of the tract for refuse, and a portion for the construction and use of buildings to house and accommodate facilities and offices for various town departments. The petitioners, all owner-occupants of land abutting the Bursaw tract, brought this petition to compel the selectmen to expunge from the town's by-law the provision exempting municipal uses and to enforce the by-law accordingly.

The current zoning by-law of the town provides in § II F: "Nothing in the bylaw shall prohibit the development of any land in any district for *municipal,* educational, religious, historical or conservation use. Such use shall not be exempt from the general or specific regulations of this bylaw other than the Use Regulations" (emphasis supplied). The petitioners argue that the town, solely on the basis of this provision, cannot extend the dump area and construct nonresidential uses in a residential area. They insist that this can be done only by rezoning. The case thus presents the question whether a town may exempt all municipal uses from the use restrictions of its zoning by-law.

1. The petitioners contend that the exemption from use regulations for the "development of . . . land for municipal . . . use" does not encompass the construction of the buildings proposed here. The meaning of "development," it is argued, does not include "construction," but extends only to those acts done to land that prepare it for construction. In customary usage, "development" includes the construction of homes or other buildings. The § II F exemption applies only to use regulations. The so called

"intensity regulations" contained in § V involving setback, height, area and frontage requirements are fully applicable to all municipal uses. The limitation of the exemption granted in § II F to "use" regulations and the resulting applicability of the "intensity regulations" imply that "development" was intended to include the construction of buildings.

2. The principal issue is whether a by-law which exempts all municipal uses from use regulations conflicts with G. L. c. 40A, the zoning enabling act. We know of no cases addressed specifically to this issue. In *Sellors* v. *Concord,* 329 Mass. 259, 262–263, there are intimations that exemptions for municipal uses might be proper in certain circumstances, but the precise question now before us was not then squarely presented.

A zoning by-law is valid if there is a substantial relation between it and the furtherance of any of the general objectives of G. L. c. 40A. *Lundy* v. *Wayland,* 328 Mass. 581, 583, and cases cited. *Cohen* v. *Lynn,* 333 Mass. 699. A town may enact zoning restrictions for the purpose of "promoting the health, safety, convenience, morals or welfare of its inhabitants." G. L. c. 40A, § 2 (as amended through St. 1959, c. 607, § 1). These regulations and restrictions "shall be designed among other purposes to lessen congestion in the streets; to conserve health; to secure safety from fire, panic and other dangers . . . to facilitate the adequate provision of transportation, water, sewerage, schools, parks and other public requirements . . . ." G. L. c. 40A, § 3. Here, the purposes of the town's by-law were those of §§ 2 and 3, "to lessen the dangers from fire, congestion and confusion, and to encourage the most appropriate use of land in the town." "Every presumption is to be made in favor of the . . . [by-law] unless it is shown beyond reasonable doubt that it conflicts with the enabling act." *Lanner* v. *Board of Appeal of Tewksbury,* 348 Mass. 220, 228. Applying this test, we cannot say that a broad exemption from use requirements for all municipal uses bears no substantial relation to the above mentioned purposes. Clearly,

municipal uses per se are substantially related to the general and specific purposes of zoning. Discretion in the town authorities to locate such uses in any district also serves those purposes, for it enables a town conveniently to locate municipal uses in the district most suited to them when the need arises.

The petitioners argue, however, that the indefiniteness of all "municipal uses" forecloses the existence of a rational relationship to the statutory purposes of zoning regulations. They distinguish cases involving exemptions for municipal uses, e.g., *Sellors* v. *Concord,* 329 Mass. 259 (fire station), and *Pierce* v. *Wellesley,* 336 Mass. 517 (parking lot), where the exemptions were specific and location was an important factor. An exemption, however, for all, rather than specified, municipal uses is not necessarily invalid if a rational relationship can be shown between those uses and the purposes of municipal zoning. We are of opinion that the validity of such a broad exemption can be determined only by examining its application in particular cases to which the exemption gives rise. A specific application of the exemption for a municipal use will be upheld unless it can be shown that the location of a municipal use in a particular zone bears no relation to the purposes of the zoning enabling act.

In the case at bar, the proposed refuse facilities and public works buildings are municipal uses clearly related to the health and welfare of the town, purposes authorized by G. L. c. 40A. The precise location of these uses in the residential zone also has a substantial relation to those purposes. The existing town dump was located in an area subsequently zoned for residential use. It was not unreasonable to choose to extend that dump, rather than construct a new one in another zone. The construction of public works facilities near by would also seem to be reasonable. It had the effect of placing related municipal services together, a result deemed necessary by the selectmen for efficient administration. Furthermore, the Bursaw tract fronted on Route 2, and thus provided easy access for the substantial vehicular traffic associated with these uses. We

cannot say that the location of the proposed uses alongside an existing dump, and with ready access to a major artery, did not bear a substantial relationship to the health and welfare of the town.

3. The petitioners' argument that the exemption "does not afford to all owners of lands in the various districts their rights to equal protection" of the laws is without merit. The equal protection requirement precludes irrational treatment of people similarly situated. See *Sisters of the Holy Cross of Mass.* v. *Brookline,* 347 Mass. 486, 495–496. The petitioners are in no different position than any other residents, since all residential districts are subject to the presence of municipal uses. Although the town has chosen to place these uses only in the petitioners' district, it is not precluded from locating other municipal uses in other districts as the need arises. Unlike an exemption for one residential district only, it cannot be said that the municipal exemption does not apply uniformly to all districts. A contrary conclusion on this issue would necessitate invalidating exemptions of the class upheld in *Pierce* v. *Wellesley,* 336 Mass. 517, simply because a municipality chooses to locate the exempted use in one district rather than another at a specific time, even though later developments might alter the situation. Where an exemption applies uniformly to all districts of a certain class, the requirements of equal protection are satisfied.

4. The petitioners further argue that the exemption allows the town to change the character of a district without (1) the requisite hearing and (2) the showing that the property is suited for the new uses which an amendment of the by-law would otherwise require. See G. L. c. 40A, §§ 6–7. In these circumstances the argument is misapplied. What has been said above answers (2). We answer (1) by pointing out that the present by-law was itself an amendment duly enacted after public hearing. No further hearing under c. 40A, § 6, is required before the town may utilize a use exemption previously granted pursuant to such a hearing. Furthermore, the petitioners, acting through the

meeting at which the selectmen were authorized to take the Bursaw tract, had ample opportunity to contest the merits of the proposed uses. Thus there is no merit to the argument that the town was able to effect the equivalent of an amendment while avoiding the public scrutiny provided for in G. L. c. 40A, §§ 6–7.

5. We uphold the exemption for all municipal uses for the particular use to which it is here applied. This result is consonant with the purposes of zoning, the broad discretion to enact by-laws granted to local authorities, and the necessity for standards to insure the proper exercise of the authority where exceptions or exemptions from use restrictions are involved.

*Judgment affirmed.*