LAWRENCE P. NOVAK vs. BOARD OF BAR EXAMINERS.

Suffolk. January 9, 1986. — April 10, 1986.

Present: HENNESSEY, C.J., NOLAN, LYNCH, & O'CONNOR, JJ.

*Attorney at Law,* Admission to practice, Educational requirements.

This court, determining that the interests of equity and justice would be served thereby, waived the requirements of S.J.C. Rule 3:01, § 3.3, to the extent necessary to permit an applicant to take the bar examination, notwithstanding the fact that the law school from which he had graduated did not become accredited by the American Bar Association until August 1, 1980, three years after his graduation, and shortly after the court's amendment of § 3.3 to require that an applicant's law school be accredited at the time of his graduation, rather than at the time of the filing of his application for admission to the bar. [273-274]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on September 24, 1984.

The case was reported by *Liacos, J.*

*Henry P. Sorett* for the plaintiff.

*John F. Dunn* for the defendant.

LYNCH, J. In this case we consider whether S.J.C. Rule 3:01, § 3.3, as amended, 380 Mass. 942, 943 (1980)[1] (concerning the necessary law school qualifications for taking the Massachusetts bar examination), should bar the plaintiff, who entered and graduated from law school before the rule was amended, from taking the bar examination where the amended rule now renders the plaintiff ineligible although he would have been eligible to take the examination under the previous rule. See S.J.C. Rule 3:01, § 3.3, 370 Mass. 908 (1976) (the

---

[1] In June, 1980, the Rules of the Supreme Judicial Court were reorganized, 382 Mass. 698 (1981), and rule 3:01, § 3.3, now appears at 382 Mass. 754. The text of the rule, however, remains unchanged and for simplicity's sake we refer to rule 3:01, § 3.3, as amended, 380 Mass. 942 (1980), as the "present rule."

previous rule). In September, 1984, after the plaintiff was denied permission to take the bar examination by the Board of Bar Examiners (board), the plaintiff filed a complaint in the Supreme Judicial Court for the county of Suffolk. Shortly thereafter, a hearing on the matter was held before a single justice. The single justice referred the case to the Supreme Judicial Court rules committee which declined to grant the plaintiff a waiver of the present rule. In June, 1985, after the filing of a statement of agreed facts by the parties, the single justice, on plaintiff's motion, reserved and reported the case to the full bench.

In August, 1977, the plaintiff graduated from the International School of Law[2] in Virginia with the degree of juris doctor.[3] Although the law school was aggressively seeking American Bar Association (A.B.A.) accreditation at the time the plaintiff enrolled, it did not become so accredited until August 1, 1980, three years after the plaintiff's graduation. In September, 1983, the plaintiff's request for permission to take the Massachusetts bar examination was denied by the board because the law school he attended was not A.B.A. approved at the time of his graduation. The present rule provides that an applicant for admission to the bar "shall have graduated . . . from a law school which, *at the time of graduation,* is approved by the [A.B.A.]"[4] (emphasis added). This amended rule became effective April 14, 1980. 380 Mass. 942. Thus the plaintiff requested permission to take the bar examination three years after the present rule had been in effect. At the

---

[2] Now George Mason University School of Law.

[3] The plaintiff has also earned a bachelor of science degree from Bentley College, awarded in 1973, and a masters degree in public administration from Ball State University, awarded in 1974. He is a resident of and employed in Massachusetts, and is a member of the Brockton school committee.

[4] The full text of S.J.C. Rule 3:01, § 3.3, as amended, 380 Mass. 942 (1980), is:

"Law School. Each applicant shall have graduated with a degree of bachelor of laws or juris doctor from a law school which, at the time of graduation, is approved by the American Bar Association or is authorized by statute of the Commonwealth to grant the degree of bachelor of laws or juris doctor."

time of the plaintiff's enrollment as well as his graduation from law school, however, the rule then in effect provided that an applicant for admission to the bar "shall have graduated from a law school which, *at the time of filing the application,* is approved by the [A.B.A.]"[5] (emphasis added). The parties agree that under the previous rule the plaintiff would be eligible to take the Massachusetts bar examination.

Two other individuals, both of whom graduated from the same law school as the plaintiff and were in the same graduating class, did receive permission to take the Massachusetts bar examination. According to the board's brief,[6] one individual sought the board's permission in January, 1980, to take the February examination. At that time, the previous rule governed and the board authorized the applicant to take the bar examination because A.B.A. approval of the law school was imminent. The applicant was unable to be present for the February examination and she reapplied in May, 1980, to take the next examination. Although the present rule had become effective in the interim and would have operated to exclude her from the examination, the board considered her January request as "continuing to the next July examination" and permitted her to take the exam. The other individual requested permission[7] to take the bar examination in June, 1978. As the prior rule was in effect and as the law school was not A.B.A. approved at the time of his application, the board denied his request. In November, 1980, he reapplied and the board refused him permission to

---

[5] The full text of S.J.C. Rule 3:01, § 3.3, as amended, 370 Mass. 908 (1976) is:

"Law School. Each applicant shall have graduated from a law school which, at the time of filing the application, is approved by the American Bar Association or is authorized by statute of the Commonwealth to grant the degree of bachelor of laws or juris doctor."

[6] The details of this applicant's bar examination application history do not appear in the statement of agreed facts or in the plaintiff's brief.

[7] This assertion is found in the board's brief. Apparently the parties cannot agree on whether the individual's communication of June, 1978, was an inquiry or a formal request to take the examination. The statement of agreed facts recites simply that this individual graduated in the same year and from the same law school as the plaintiff and that the S.J.C. rules committee granted him a waiver of the present rule.

take the bar examination. After an action was filed with a single justice of this court, the S.J.C. rules committee waived the requirements of the present rule.

The plaintiff argues that it is inequitable to apply the present rule and deny him an opportunity to take the bar examination where he relied on the rule as it existed when he entered and graduated from law school. He contends that he is "caught between the cracks of the bar admission rules," and that if he were a foreign law school graduate he would be given a chance to upgrade his education without necessarily repeating an entire law school program, see S.J.C. Rule 3:01, § 3.4, 382 Mass. 754 (1981), an opportunity not now open to him as the graduate of a domestic law school which was not A.B.A. approved at the time of his graduation. The plaintiff does not suggest that the present rule is constitutionally defective on its face. The plaintiff does, however, raise several constitutional challenges to the application of the present rule to him. Among these constitutional arguments, the plaintiff alleges a violation of the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, based on the board's and the S.J.C. rules committee's[8] refusal to waive the present rule for the plaintiff despite the treatment of the two other applicants. We do not reach the plaintiff's constitutional arguments, however, because we grant him relief on other grounds.

The requirements of our rule presently in effect have been adopted by the vast majority of States. See A.B.A. Section of Legal Education & Admissions to the Bar, A Review of Legal Education in the United States - Fall 1984, at 75-81 (1985). The A.B.A approval requirement itself, as well as a Board of Bar Examiners' or similar authority's refusal to waive the requirement, has been upheld by numerous State and Federal courts in the face of a variety of challenges, including constitutional ones. See, e.g., *Application of Urie,* 617 P.2d 505, 506-507 (Alaska 1980), and cases cited: *Florida Bd. of Bar Examiners in re Hale,* 433 So.2d 969 (Fla. 1983); *LaBossiere*

---

[8] The S.J.C. rules committee is not a named defendant in this action.

v. *Florida Bd. of Bar Examiners,* 279 So.2d 288 (Fla. 1973); *In re Application of Hansen,* 275 N.W.2d 790, 793-794, 797 (Minn. 1978), appeal dismissed, 441 U.S. 938 (1979), and cases cited; *Matter of the Application by Adams,* 102 N.M. 731 (1985). Under the previous rule an applicant became eligible to take the examination when his law school received A.B.A. approval, no matter how long after graduation and no matter what changes in legal education had come about in the interim. We are, therefore, confident that the present rule more nearly achieves the desired result of ensuring that applicants have experienced a generally uniform level of appropriate legal education.

We are, however, not unsympathetic to the hardship that strict application of the present rule may cause the plaintiff, who entered law school prior to the rule's amendment, who reasonably anticipated A.B.A. approval of his school, and whose school was indeed approved within three years of his graduation. Moreover, the board's and the S.J.C. rules committee's respective actions as to the two other members of the plaintiff's law school graduating class may properly be viewed as a determination that the quality of legal education received by that class was essentially equivalent to the education at the law school at the time it received A.B.A. approval. Thus, the concerns which prompted our adoption of the present rule are satisfied in the instant case, and we therefore decide that the interests of equity and justice are best served by granting the plaintiff a waiver of S.J.C. Rule 3:01, § 3.3.

*So ordered.*