IN THE MATTER OF ALBERT HENRY CORLISS. February 7, 1997. *Attorney at Law,* Admission to practice, Educational requirements. *Constitutional Law,* Attorney at law, Equal protection of laws.

Albert Henry Corliss appeals from an order of a single justice of this court dismissing his appeal from determinations by the Board of Bar Examiners (board) and the court's rules committee that he was ineligible to take the limited written examination required for admission on motion to the bar in Massachusetts. See S.J.C. Rule 3:01, § 6.1, as appearing in 393 Mass. 1235 (1985). We affirm the single justice's order.

Corliss graduated in 1980 from a law school in the State of California that was not approved by the American Bar Association (ABA). After passing the California bar examination and practicing law in California for approximately twelve years, he applied to the board in 1994 for permission to take the limited written examination on Massachusetts practice and procedure. The limited examination is one of several prerequisites set forth in rule 3:01, § 6.1, for admission on motion to the Massachusetts bar. See S.J.C. Rule 3:01, § 6.1.6. The board denied Corliss's request, citing rule 3:01, § 6.1.4. That subsection of the rule states the additional prerequisite that applicants for admission on motion shall have "graduated from a law school which at the time of graduation was approved by the [ABA]."

Thereafter, Corliss contacted the clerk of the county court seeking a waiver from the provisions of rule 3:01, § 6.1.4. The clerk, in turn, referred the matter to the court's rules committee. The committee confirmed that Corliss was ineligible for admission on motion because he had not graduated from a law school that was approved by the ABA. The committee declined to grant a waiver from the provisions of the rule.

Corliss subsequently filed a petition in the county court that, in essence, constituted an appeal from the decisions of the board and the rules committee. See S.J.C. Rule 3:01, § 5.3, as appearing in 411 Mass. 1321 (1992). The single justice dismissed Corliss's appeal on the board's motion.

1. Corliss alleges that he has been denied equal protection of the laws in violation of the Federal Constitution since, unlike him, graduates of foreign law schools are eligible for admission to the Massachusetts bar in certain circumstances even though their schools are not approved by the ABA. See S.J.C. Rule 3:01, § 3.4, as appearing in 382 Mass. 753 (1981) (regular bar examination) and § 6.2 (admission on motion). We rejected an essentially identical argument in *Matter of Tocci,* 413 Mass. 542 (1992) (holding that a rational basis exists for the differing treatments accorded to graduates of domestic law schools and graduates of foreign law schools with respect to the regular bar examination). We observed that the ABA does not evaluate foreign law schools for accreditation, and we concluded, therefore, that it was reasonable to provide within our rules an alternative method, independent of the ABA process, for evaluating graduates of foreign law schools. *Id.* at 548-550. We rejected the applicant's claim in that case, similar to the claim of Corliss here, that principles of equal protection necessarily require us also to provide an alternative independent method for evaluating graduates of unaccredited American law schools. *Id.* at 547-550.

We decline to accept Corliss's invitation to reconsider our holding in *Tocci* merely because the ABA accreditation process is presently being

challenged by another party in the Federal courts. We may be forced to reconsider our reliance on the ABA's process if and when the process is finally declared to be illegal or unconstitutional. To anticipate such a ruling, however, or to make such a determination ourselves in this case, would be premature and well beyond the scope of this appeal.

2. Corliss next alleges that he has been denied equal protection since graduates of Massachusetts law schools not approved by the ABA are eligible under our rules to take the Massachusetts bar examination. Specifically, S.J.C. Rule 3:01, § 3.3, as appearing in 382 Mass. 753 (1981), provides that an individual seeking to take the general bar examination may be graduated from either a school approved by the ABA or a school "authorized by statute of the Commonwealth to grant the degree of bachelor of laws or juris doctor."

One indispensable element of a valid equal protection claim is that individuals who are similarly situated have been treated differently. *Murphy v. Commissioner of the Dep't of Indus. Accidents,* 415 Mass. 218, 226 (1993), *S.C.,* 418 Mass. 165 (1994) (stating that the Federal equal protection clause "essentially mandates that 'all persons similarly situated should be treated alike,' " quoting *Cleburne* v. *Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439 [1985]). *Sinn* v. *Selectmen of Acton,* 357 Mass. 606, 611 (1970) ("The equal protection requirement precludes irrational treatment of people similarly situated"). The critical flaw in Corliss's argument is that his situation is substantially different from the situation faced by graduates of law schools that are authorized by the Commonwealth to grant law degrees. See generally G. L. c. 69, §§ 30-31A. Those individuals are eligible to take only the general bar examination in Massachusetts. Corliss seeks to take the limited examination and be admitted on motion.

Corliss's equal protection claim might stand on an entirely different footing if he had applied to take the general bar examination. He has not done so. We need not, and therefore do not, decide what the result of an equal protection claim would be if Corliss had applied for and been denied permission to take the general examination.

3. Rule 3:01, § 6.1, obviously accords differing treatment within the class of graduates of American law schools who seek to take the limited written examination and be admitted on motion to the bar. Individuals who have graduated from schools approved by the ABA are eligible to take the examination, and those who have graduated from unapproved schools are not eligible. To the extent that Corliss attempts to capitalize on this distinction, his claim must fail. We have already held that a rational basis exists for drawing a distinction based on accreditation (or lack thereof) by the ABA. *Tocci, supra* at 547-548. See *Novak* v. *Board of Bar Examiners,* 397 Mass. 270, 273-274 (1986), and cases cited. The reasoning in those cases precludes this aspect of Corliss's equal protection claim.

4. Finally, Corliss appears to challenge the decision of the court's rules committee rejecting his request for a waiver from the terms of rule 3:01, § 6.1.4. The committee denied the request on the ground that "such a waiver would tend to nullify the rule." Nothing in the record leads us to conclude that the committee was required in equity to grant a waiver. Compare *Tocci, supra* at 545-547 (affirming the denial of a waiver), with *Novak, supra* at 272-273, 274 (granting a waiver in the interests of equity and justice).

5. None of the other arguments asserted by Corliss has any merit. The order of the single justice dismissing his appeal is affirmed.

*So ordered.*

*Albert Henry Corliss*, pro se.
*Edward J. Barshak* for the Board of Bar Examiners.