**IN THE MATTER OF THE APPLICATION OF
JOSEPH CARMEN ADORNATO
FOR ADMISSION TO THE BAR
OF THE VIRGIN ISLANDS**

D.C. Civ. App. No. 2002-36

District Court for the Virgin Islands

Division of St. Thomas and St. John

February 2, 2004

ADORNATO, JOSEPH C., Syracuse, N.Y., *Appellant, Pro se*

FINCH, and MOORE, *Judges*

## MEMORANDUM

*Per curiam.*

## I. INTRODUCTION

Appellant Joseph Carmen Adornato has timely appealed the Territorial Court's January 11, 2002 Order denying his admission to the Virgin Islands Bar. Appellant argues, *inter alia,* that the trial court abused its discretion by denying admission for non-compliance with the 1997 version of Territorial Court Rule 304(d)(4). Because we find no abuse of discretion in the trial court's denial, this Court affirms the judgment below.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Joseph Carmen Adornato graduated from an accredited law school on June 3, 1968. (App. at 65.) In 1980, he was admitted to the Arizona Bar. On January 20, 1982, a grand jury indicted Adornato for conspiracy to commit mail fraud in violation of federal law. *United States v. Gerhardt et al.,* Cr. No. 82-00008 (S.D. Ala. 1982); (App. at 72.) The government alleged that Adornato referred potential customers to a fraudulent investment scheme. (*Id.*) After pleading not guilty and going to trial, Adornato was convicted on October 1, 1982 for defrauding the United States in violation of 18 U.S.C. § 371 and sentenced to five years of imprisonment with all but six months suspended. (App. at 16, 72-81, 83.) He also received five years probation and a fine. (*Id.*) The Eleventh Circuit Court of Appeals affirmed his conviction and the United States Supreme Court denied certiorari. (App. at 82-102.) The Supreme Court of Arizona suspended Adornato in 1985 and disbarred him in 1990 *nunc pro tunc* December 31, 1984, which was the date his conviction became final. (App. at 17, 104.)

Adornato filed an application for admission with the Virgin Islands Bar ["V.I. Bar"] on October 28, 1997, and passed the Virgin Islands Bar Examination in February 1998. (App. at 54, 64-65.) Adornato submitted the required character and fitness report questionnaire to the Committee of Bar Examiners of the Virgin Islands ["V.I. Bar Committee"]

449

disclosing that he was previously admitted to the Arizona Bar but had since been disbarred for a criminal conviction. (App. at 15, 20, 72-105.)[1]

On April 27, 1999, the V.I. Bar Committee Chairman wrote a letter advising Adornato that the committee could not recommend him for admission because (1) he had not been readmitted or demonstrated eligibility for readmission in Arizona under Territorial Court Rule 304, and (2) he did not disclose his disbarment in his V.I. Bar application.[2] (App. at 58.)

Adornato requested and was granted a hearing before the V.I. Bar Committee in order to present evidence and argument that he did in fact satisfy the Territorial Court Rules governing admission to the V.I. Bar. (App. at 13-53, 59.) On November 3, 2000, Adornato represented himself at the committee hearing and provided several letters written by lawyers, friends and family in support of his application, as well as a Certificate of Good Conduct awarded from New York's Parole Board after a character investigation. (App. at 105.) Adornato acknowledged that he was not a member in good standing with the Arizona Bar, and had not sought or obtained reinstatement. (App. at 50.) He also acknowledged that he had taken the New York bar exam several times but had not passed. (App. at 28.) The committee questioned Adornato about his criminal conviction, his desire to relocate, and his failure to practice law for several years. (App. at 13-53.)

On December 13, 2000, the committee filed its "Report and Recommendations of the Committee of Bar Examiners to the Presiding Judge" refusing to certify that Adornato had complied with all the Territorial Court's requirements for admission. (App. at 9-12.)[3] Based on Adornato's acknowledgments and the committee's conclusions, it unanimously agreed that Adornato did not meet Territorial Court Rule 304(d)(4), stating in part that each applicant for regular admission must allege and prove to the satisfaction of the committee that the applicant is ... if previously admitted to the bar of any other jurisdiction, a current

---

[1] The report included copies of the judgment of conviction. (App. at 81.)

[2] At the time, the application did not contain or require any explicit declaration that the applicant had no prior criminal convictions. (App. at 64-65.)

[3] Rule 304(i) makes the committee's certification a prerequisite of admission.

member in good standing of that jurisdiction." (App. at 12.)[4] Secondly, a majority of the committee agreed that even if Adornato sought and obtained reinstatement to the Arizona bar, he failed to meet Rule 304(d)(3)'s requirement that an applicant must "allege and prove to the satisfaction of the committee that the applicant is a person of good moral character." (*Id.*) The committee's report thus recommended that Adornato be denied admission to the V.I. Bar. (*Id.*)

On January 11, 2002, the Territorial Court's Presiding Judge entered an order and opinion affirming the committee's conclusion that Adornato had failed to prove that he remained a member in good standing of a bar to which he was previously admitted under Territorial Court Rule 304(d)(4) and denying his admission on that basis. (App. at 1-8.) The Presiding Judge applied a standard of review which would affirm factual findings if there was substantial evidence on the record and affirm legal conclusions unless there was clear error. (App. at 5.) (citing *Scott v. State Bar Examining Committee*, 220 Conn. 812, 601 A.2d 1021, 1026 (Conn. 1992)). The trial judge noted that under the current version of Rule 304, Adornato would have been summarily rejected but that the committee properly refused to retroactively apply the amended rule. (App. at 6-7.) The Presiding Judge found it to be undisputed that Adornato was not currently a member of good standing with the Arizona Bar and that this fact precluded his admission to the V.I. Bar as a matter of law. (App. at 7-8.) Therefore, she stated that the committee did not err in finding Adornato ineligible. (App. at 8.) Because of her holding under Rule 304(d)(4), the Presiding Judge did not reach the second issue of Adornato's moral character under the 1997 version of Rule 304(d)(3). (*Id.*)

## III. DISCUSSION

### A.  Jurisdiction and Standard of Review

■ This Court has jurisdiction to review final judgments and orders of the Territorial Court in all civil cases. *See* V.I. CODE ANN. tit. 4, § 33;

---

[4] After Adornato passed the bar examination, Rule 304 was amended in May and October of 1998 to require a statement on the application that the applicant had not been disbarred, suspended or sanctioned, or if so, had since been reinstated or exonerated. (App. at 12 n.1.) Since the language was added after he took the exam, the committee applied the language of the 1997 version of Rule 304. (*Id.*)

Section 23A of the Revised Organic Act.[5] Admission to the bar is a "local civil action." *See In Re Application of Moorehead*, 27 V.I. 74, 90 (Terr. Ct. St. T. & St. J. 1992) (acknowledging that bar admission is a local civil action).[6] Accordingly, this Court has appellate jurisdiction. "Findings of fact shall not be set aside unless clearly erroneous." 4 V.I.C. § 33. The standard of review for this Court in examining the Territorial Court's application of law is plenary. *See Nibbs v. Roberts*, 31 V.I. 196, 204 (D.V.I. App. Div. 1995).[7]

## B. The Presiding Judge Did Not Abuse her Discretion in Denying Appellant's Admission to the Bar

■ We do not find that the Presiding Judge committed any legal or factual error in denying Adornato's admission to the V.I. Bar. She clearly did not abuse her discretion in denying appellant's admission to the V.I. Bar under Rule 304(d)(4), as in effect at the time of his application. Territorial Court Rule 304(d)(4) then clearly stated: "Each applicant for regular admission must allege and prove to the satisfaction of the committee that the appellant is ... if previously admitted to the bar of any other jurisdiction, a current member in good standing of that jurisdiction." The judge properly relied on Adornato's acknowledgment

---

[5] Revised Organic Act of 1954, § 23A, 48 U.S.C. § 1614, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159-60 (1995) (preceding V.I. CODE ANN. tit. 1).

[6] In this same case, the Territorial Court stated that "jurisdiction over local bar admissions is vested in the 'courts established by local law,' and since the Appellate Division of the District Court" is not such a court, "they are incapable of being the repository of such jurisdiction." *Moorehead*, 27 V.I. at 91. This statement is in the context of a discussion finding that the Territorial Court had *original* jurisdiction and therefore has no impact on our finding that the Appellate Division of the District Court has appellate jurisdiction under 4 V.I.C. § 33 in the case *sub judice*.

[7] Appellant has applied an abuse of discretion standard in his arguments. (Appellant's Br. at 6-8.) Appellee states that this standard is proper "as it does not appear that any finding of fact made by the lower court is in dispute, nor is there any claim that the court erred in the interpretation of any relevant law." (Appellee's Br. at 9.) Neither side cites legal authority for this standard of review, but even under the least deferent of standards, our decision to affirm would remain the same.

that he was not in good standing with the Arizona bar and also on the committee's reasonable interpretation of Rule 304(d)(4).[8]

■ Appellant then argues that Rule 304(d)(4) itself should be declared void because (1) it could be applied in an arbitrary and capricious manner; (2) it has nothing to do with an applicant's ability to practice law; (3) such a qualification must have a rational connection to applicant's fitness; and (4) it "may violate due process and equal protection." (Appellant's Br. at 6-7.) He suggests that the Territorial Court erred in not considering Rule 304(d)(4)'s constitutional implications. (*Id.*) We cannot agree with any of these arguments. First, irrespective of its possible application, the presiding judge here did not apply it in an arbitrary and capricious manner. Secondly, it goes without saying that an applicant's good standing with other states is very relevant to his ability to practice law properly in the Virgin Islands. We· find that this requirement does have a "rational connection with the applicant's fitness or capacity to practice law." *Schware v. Board of Bar Examiners of New Mexico,* 353 U.S. 232, 238-39, 1 L. Ed. 2d 796, 77 S. Ct. 752 (1957). Therefore, Rule 304(d)(4) does not violate due process or equal protection.

Appellant also argues that the Territorial Court abused its discretion in denying his admission for failure to prove good moral character. To the contrary, the Presiding Judge explicitly stated that she would not reach this issue and did not make a finding regarding appellant's moral character. Therefore, appellant's arguments of his good moral character are irrelevant to this appeal.[9]

## IV. CONCLUSION

The trial judge did not err in affirming the committee's interpretation of Territorial Court Rule 304(d)(4). Accordingly, this Court affirms the

---

[8] The appellant argues that the committee committed procedural errors in not properly informing him of the scope and purpose of the hearing. (Appellant's Br. at 7.) We agree with appellee that Adornato's statements demonstrate he was aware of the scope and purpose and that on appeal he has not produced any evidence that would change the committee's findings regarding Rule 304(d)(4). (Appellee's Br. at 14.)

[9] Rather than responding to appellee's arguments, the appellant attempts to use his reply brief as a vehicle to introduce additional facts and present new arguments based on those facts. (Reply Br. 3-5.) We will not consider such additional facts and arguments.

Presiding Judge's January 11, 2002 opinion and order denying the appellant's bar admission