**IN THE MATTER OF THE APPLICATION NO. 00017, Appellant
For admission to the Virgin Islands Bar**

D.C. Civil App. No. 2006-154

District Court of the Virgin Islands

Division of St. Thomas and St. John, Appellate Division

August 11, 2008

APPLICANT NO. 00017, St. Thomas, USVI, *Appellant Pro se*.

MARIA T. HODGE, ESQ., St. Thomas, USVI, *For the Virgin Islands Committee of Bar Examiners.*

GÓMEZ, *Chief Judge of the District Court of the Virgin Islands*; FINCH, *Judge of the District Court of the Virgin Islands*; and D'ERAMO, *Judge of the Superior Court of the Virgin Islands, Division of St. Croix, sitting by designation.*

## MEMORANDUM OPINION

(August 11, 2008)

Applicant No. 00017 (the "Applicant") appeals from an order entered by the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, denying his application for regular admission to the Virgin Islands Bar Association (the "V.I. Bar," or the "Bar"). For the reasons explained below, the Court will affirm the decision below.

## I. FACTS

In 1972, while attending Howard University Law School, the Applicant became a resident of St. Thomas, U.S. Virgin Islands. After graduating from law school, he obtained employment with the Virgin Islands Department of Licensing and Consumer Affairs.

In 1976, the Applicant was admitted as a member of the Pennsylvania Bar. Also in 1976, the Applicant was appointed as Assistant Attorney General in the Virgin Islands, and obtained special admission to the V.I. Bar in connection with such employment.

Thereafter, the Applicant sat for at least one portion of the Virgin Islands Bar Examination[1] (the "Bar Exam," or the "Exam") on nine different occasions. He failed each time. In February, 2004, the Applicant took the Bar Exam for a tenth time. On April 19, 2004, he received notification that he had failed the Multi-State Bar Examination ("MBE") portion of the February, 2004, Exam.

The Applicant appealed his failure of the February, 2004, MBE with the Committee. He argued that, based on his experience practicing as a specially-admitted attorney in the Virgin Islands since 1976, he was

---

[1] For purposes of this Opinion, the term "Virgin Islands Bar Exam" encompasses all of the examinations required by the applicable court rule. *See* SUPER. CT. R. 304(e).

entitled to an upgrade of his MBE score to a passing grade under Virgin Islands law. Alternatively, the Applicant requested that the Committee waive the examination requirements under Rule 304 for purposes of granting him regular admission to the Bar. On February 16, 2005, after conducting a hearing on the matter, the Committee issued a Report and Recommendation unanimously denying the Applicant's appeal and refusing to certify the him for regular admission.[2]

On June 23, 2006, the Superior Court issued a Memorandum Opinion and Order accepting the Committee's Report and Recommendation and denying the Applicant's petition for regular admission to the Virgin Islands Bar.[3]

The Applicant timely appealed from the June 23, 2006, order. At issue is whether the Superior Court erred in denying the applicants request for regular admission.

## II. JURISDICTION & STANDARD OF REVIEW

This Court has jurisdiction to review final judgments and orders of the Superior Court of the Virgin Islands, including orders granting or denying petitions for admission to the Virgin Islands Bar. *See* Revised Organic Act of 1954 23A, 48 U.S.C. § 1613a; Act No. 6730 § 54(d)(1) (Omnibus Justice Act of 2005); *In re Adornato*, 45 V.I. 448, 301 F. Supp. 2d 416, 418-19 (D.V.I. App. Div. 2004) (explaining that "[a]dmission to the bar is a local civil action" over which this Court has appellate jurisdiction (internal quotations omitted)).

We review *de novo* questions of law, including the Superior Court's interpretation of statutes and rules. *See Saludes v. Ramos*, 744 F.2d 992 (3d Cir. 1984); *Mapes Monde, Ltd. v. A.H. Riise Gift Shop, Inc.*, 46 V.I. 297, 337 F. Supp. 2d 704, 707 (D.V.I. App. Div. 2004). Findings of fact made by the Superior Court are not to be disturbed unless they are clearly erroneous. *Lenhardt v. Richards*, 17 V.I. 619 (3d Cir. 1980); *T-Shirt World, Inc. v. Artland, Inc.*, 20 V.I. 147 (D.V.I. 1983).

---

[2]   The Committee must certify for admission to the Virgin Islands Bar all applicants meeting the requirements therefor. V.I. SUPER. CT. Rule 304(i) ("When an applicant has satisfactorily passed the bar examination, and has met all other requirements of this rule, the Committee of Bar Examiners shall so certify to the Superior Court by written motion for the applicant's admission. . . .").

[3]   Superior Court is required to review the Committee's certification of an applicant for admission to the Virgin Islands Bar. *See* V.I. SUPER. CT. Rule 304(i).

## III. ANALYSIS

The Applicant contends that the Superior Court erred in denying his petition for regular admission to the V.I. Bar. He first argues that the Committee wrongly refused to certify him for regular admission under Virgin Islands Superior Court Rule 304 ("Rule 304"). In turn, the Applicant contends, the Superior Court's affirmation of the Committee's Report and Recommendation was error. Alternatively, the Applicant claims that he was entitled to a waiver of the requirements of Rule 304.

### A. Rule 304

At the time of the Applicant's petition, the Superior Court was vested with broad authority to promulgate rules regulating the admission of attorneys to practice in the Virgin Islands. *See* 48 U.S.C. § 1611(c) (1984) ("The rules governing the practice and procedure of the courts established by local law and those prescribing the qualifications and duties of the judges and officers thereof . . . shall be governed by local law or the rules promulgated by those courts."); V.I. CODE ANN. tit. 4 § 32(f)(1) (2004) ("The Superior Court shall adopt the rules of court for the Superior Court of the Virgin Islands consistent with section 21(c) of the Revised Organic Act of the Virgin Islands.")[4]; SUPER. CT. R. pt. IX Note ("The superior court, being the highest non-federal and local court of the Virgin Islands, shall govern the admission of all attorneys to the V.I. Bar, which shall consist of all attorneys, in whatever category, admitted to practice law in the superior court of the Virgin Islands.").[5] Pursuant to that authority, the Superior Court promulgated rules governing regular admission to the V.I. Bar, including a uniform examination requirement for regularly admitted attorneys. *See* SUPER. CT. R. 304 (1998). Although an individual may be admitted to the Bar only by order of the Superior Court, regular admission may only be granted by that court after the Committee, which oversees the examination, has certified that the applicant "has satisfactorily passed

---

[4]    In 2007, title 4, section 32(f)(1) was amended such to reflect the January 29, 2007, certification of the Supreme Court of the Virgin Islands as ready to assume such jurisdiction. Pursuant to that amendment, the word "Supreme" was substituted for the word "Superior." 4 V.I.C. § 32(f)(1) (Dec. 22, 2007).

[5]    On January 29, 2007, the Supreme Court of the Virgin Islands became the highest non-federal and local court of the Virgin Islands. *See* note 3, *supra.*

the bar examination, and has met all other requirements of [Rule 304]."
*See* SUPER. CT. R. 304(i).

Rule 304 states: "An applicant for regular admission to the Virgin Islands Bar must comply with the requirements of this rule. No one may obtain regular admission to the Virgin Islands Bar unless and until the Virgin Islands Bar Examinations have been successfully undertaken as described in this rule." SUPER. CT. R. 304 (1998).

To satisfy the examination requirement,

> [e]ach applicant is required to pass the following examinations:
>
> > (1) Multi-State Bar Examination (MBE);
> > (2) Local Law Essay Examination (Essay);
> > (3) Multi-State Professional Responsibility Examination (MPRE); and
> > (4) Character Examination and Personal Interview.

*Id.* at (e).

> In order to pass the written bar examinations, each applicant must receive a minimum combined score of 70% or more on the MBE and Essay portions of the examination, and a minimum score of 75% on the MPRE. For purposes of the MBE, a scaled score of 133 is equivalent to 70%. . . . An applicant's scores cannot be combined unless both the MBE and the Essay portions are taken during the same scheduled examination period.

*Id.* at (f).

The Applicant does not dispute that he failed to achieve a passing score on the MBE portion of the February, 2004, Bar Exam. Nor does he dispute that passing the MBE is a prerequisite to satisfying the broader examination requirements of Rule 304. Rather, the Applicant claims that his MBE score should have been upgraded to a passing level under Rule 304, which would have entitled him to certification for regular admission by the Committee. As such, he asserts, the trial court erroneously affirmed the Committee's refusal to certify him for regular admission. In the Applicant's view, an upgrade of his MBE score was warranted based on his years of experience practicing as specially-admitted attorney in the territory. However, the Applicant has not offered, nor is the Court aware of, any valid legal authority to support such an upgrade.

The sole provision in Rule 304 allowing for the upgrading of a score applies only to the Local Law Essay Examination (the "Essay Portion" of the Exam). *See* SUPER. CT. R. 304(g) (outlining a review procedure that may be undertaken by "[a]ny applicant who fails the Essay portion of the Bar Examination"). Rule 304 contains no provision for the review or upgrading of an MBE score. *Cf.* SUPER. CT. R. 304(g)(3) ("Since the regulations governing the MBE . . . Examination[] require all questions and answers to be forwarded for grading to the Educational Testing Service immediately after the exams, no MBE or MPRE Examination questions or answers can be made available to the applicant.").

■ Additionally, Rule 304 contemplates that any score upgrade be based on the applicant's successful challenge to the grading of the Bar Exam itself. *See* SUPER. CT. R. 304(g)(2), (6). Here, the Applicant did not seek review of his exam score by the Committee. He instead requests a score upgrade based solely on his personal experience as an attorney in the jurisdiction. However, there is nothing in the text of Rule 304 to suggest that an applicant may receive a score upgrade on the MBE or any other portion of then Exam based on such subjective grounds.

Accordingly, the Superior Court did not err in holding that "no provision permits the Committee to consider an applicant's extensive experience or knowledge of the law in lieu of a successful undertaking of the MBE . . . ." (Mem. Op. 8, June 23, 2006); *see also* (Report and Recommendation 2-3, Feb. 16, 2005) ("[U]nder V.I. law there is no right to an upgrade on a bar examination score based on experience or even long-term practice in the Virgin Islands under special admission . . . ."). The Applicant was not entitled to an upgrade of his MBE score to a passing level based on his experience practicing law in the Virgin Islands.

## B. Waiver

The Applicant further argues that he was entitled to a waiver of the examination requirements. Although some jurisdictions have enacted rules expressly permitting the waiver of certain requirements for regular bar admission,[6] no such rule exists in the Virgin Islands. Nonetheless, the

---

[6] *See, e.g.,* WIS. S. CT. R. 40.01 (1995) ("Except for the [legal competency] require-ments . . . , the board may waive any of the requirements of this chapter in exceptional cases and for good cause if failure to waive the requirement would be unjust."); R.I. S. CT. R. 6 (2005) ("Upon petition, for good cause shown, the board, in its discretion, may waive com-

Applicant argues that the text of Rule 304 implicitly authorizes waiver of the examination requirements. Under his interpretation, the word "may" in the second sentence of Rule 304(a) implies that the Committee has the authority to waive the examination requirements under the appropriate circumstances. In rejecting the Applicant's waiver argument below, the Superior Court carefully analyzed Rule 304 and found that the use of the word "may" does not create ambiguity as it is used in the context of the Rule. This Court agrees.

■ The unambiguous text of Rule 304(a) provides that an applicant must successfully complete the examination requirements in order to be eligible for regular admission to the V.I. Bar. The Rule makes no exception to the examination requirements for attorneys with experience practicing in the territory, or for any other type of attorney. The Court finds that the Applicant's attempt to create ambiguity as to the mandatory nature of the examination requirements is foreclosed by the plain language of Rule 304. *See E.I. DuPont De Nemours and Co. v. United States*, 460 F.3d 515, 526 n. 16 (3d Cir. 2006) (noting that when the terms of a text are unambiguous, the inquiry should be restricted to the plain meaning of that text); *see also United States v. Parise*, 159 F.3d 790, 799 (3d Cir. 1998) (cautioning that courts must "refrain from reading additional provisions into a statute when its meaning is clear"). The Superior Court did not err in determining that "the Committee lacked the authority to disregard the requirements of Rule 304 . . . ." (Report and Recommendation 2-3, Feb. 16, 2005.)

Finally, the Applicant faults the Superior Court for refusing to exercise its inherent equitable power to grant him regular admission without examination notwithstanding the provisions of Rule 304, or any other rule. *See In re Fox*, 89 P.3d 127, 128-28 (Utah 2004) ("Although this court generally reviews interpretations of rules for correctness, the rules in question in this case are promulgated by this court in furtherance of its duty to regulate the practice of law and may be altered when equity requires."). He claims that his experience practicing by special admission since 1976 equitably entitles him to regular admission to the Bar, notwithstanding his failure to pass the MBE.

---

pliance with any of the foregoing rules if it finds that such waiver will not be detrimental to the public interest.").

■ In dismissing the Applicant's equity argument below, the Superior Court emphasized the distinction between special and regular admission to the Bar. The court explained that, unlike regularly admitted attorneys, "specially admitted attorneys are sponsored by and work *under the supervision* of regularly admitted members of the Virgin Islands Bar." (Mem. Op. 9, June 23, 2006.); *see also* SUPER. CT. R. 302(c). Accordingly,

> the fact that [the applicant] has been able to practice for such a lengthy duration is due to the safeguards that are assured by such supervision and his . . . employment with certain qualifying organizations. . . . The Court views the applicant's record as a specially admitted attorney as evidence that the supervision system is working, not as evidence that he is worthy of regular admission without passing the Bar Examination.

(Mem. Op. 9, June 23, 2006.) The court also recognized that "[t]he MBE supplies an objective standard for testing the minimum legal competence required for the regular practice of law in the Virgin Islands. To make an exception to this standard based on a subjective determination of legal competence would set a dangerous precedent." (*Id.*) The court found that, because regularly admitted attorneys must satisfy this minimum requirement of legal competence, it would be unfair and inequitable "that such practitioners should face competition . . . from someone who has been unable to surmount the same hurdles." (*Id.*). The Court finds nothing in the record to suggest that equity required the Superior Court to waive the requirement that the Applicant pass the MBE in order to obtain regular admission to the V.I. Bar. *Cf. Matter of Corliss*, 424 Mass. 1005, 675 N.E.2d 398, 400 (1997) (holding that equity did not require waiver of the requirement that the applicant must graduate from an accredited law school in order to take a limited bar examination rather than the general examination).

## IV. CONCLUSION

For the foregoing reasons, the Court will affirm the Superior Court's June 23, 2006, order denying the Applicant's petition for regular admission to the Virgin Islands Bar. An appropriate Judgment follows.