NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13290

IN THE MATTER OF JAMES MURRAY.[1]


June 28, 2023.


Attorney at Law, Bar application, Admission to practice.
    Supreme Judicial Court, Membership in the bar.


        The petitioner, James Murray, also known as James Hines,
appeals from the judgment of a single justice of this court
denying, without a hearing, his "Petition to take the
Massachusetts Bar Examination" and his motion for partial
summary judgment.  The single justice observed that persons
desiring admission to the bar of the Commonwealth are subject to
the requirements of S.J.C. Rule 3:01 and that Murray's filing
did not comply with the rule.  See S.J.C. Rule 3:01, as
appearing in 478 Mass. 1301 (2018).  We affirm.[2]

---

    [1] Also known as James Hines.

    [2] Murray has sought leave to use materials filed with the
county court and this court in connection with a prior case,
Murray v. Massachusetts Parole Bd., 481 Mass. 1019 (2018), which
also were referenced in the county court filings; to use the
county court filings on appeal; and to file fewer copies of his
materials than the rules require; and he requests that both
rulings of the single justice be considered together.  Those
requests are allowed.  In addition, however, Murray asks the
court to take judicial notice of various other materials that
were not before the single justice and seeks relief -- a waiver
of the requirements of S.J.C. Rule 3:01 entirely -- that he did
not request from the single justice.  We decline to consider
materials that were not before the single justice, see Matter of
Ellis, 425 Mass. 332, 334 n.1 (1997), or "issues, arguments, or
claims for relief raised for the first time on appeal," Cariglia

The procedures and requirements for admission to the bar of the Commonwealth are described in G. L. c. 221, § 37, and S.J.C. Rule 3:01.  See Wei Jia v. Board of Bar Examiners, 427 Mass. 777, 780 (1998).  See also Matter of Swanson, 483 Mass. 1022, 1023 (2019) ("[t]his court has the authority to establish the rules and standards by which individuals become licensed to practice law in Massachusetts"); Osakwe v. Board of Bar Examiners, 448 Mass. 85, 87 (2006).  Among other things, an applicant to the bar is required to file a "Petition for Admission accompanied by the recommendation of a member of the bar"; "Petitioner's Statement"; "Authorization Form"; "Law School Certificate"; "Multistate Professional Responsibility Examination Score Report that sets forth a passing scaled score that meets or exceeds the Massachusetts required score"; "Two (2) Letters of Recommendation for Admission"; and "Current Certificate(s) of Admission and Good Standing from the highest judicial court of each state, district, territory or foreign country to which the petitioner is admitted, if applicable." S.J.C. Rule 3:01, § 1.1.  Because Murray's filing did not include all the materials required by the rule, his present application is incomplete.  See Matter of Swanson, supra at 1024.  "It therefore has not been referred to the board for a report 'as to the character, acquirements and qualifications of the petitioner.'"  Id., quoting S.J.C. Rule 3:01, § 1.4.

When Murray files the materials enumerated in S.J.C. Rule 3:01, § 1.4, "and his application is otherwise complete, it will be referred to the board for its consideration."  Swanson, 483 Mass. at 1024.  See Osakwe, 448 Mass. at 87.  "The board examines an applicant's education and moral character.  Those satisfying its standards may sit for the bar examination and, if successful, be admitted to practice. . . .  The educational requirements to sit for the examination include a . . . college degree (or the equivalent)," id., and that the petitioner have graduated from a law school that meets the rule's criteria.  See S.J.C. Rule 3:01, §§ 3.1, 3.2.

We recognize that the court has authority to waive particular requirements of S.J.C. Rule 3:01 and that it has exercised that authority in appropriate circumstances.  See, e.g., Novak v. Board of Bar Examiners, 397 Mass. 270, 274 (1986).  In the county court, Murray's "declaration" expressly sought a waiver of the provisions of S.J.C. Rule 3:01, § 3.3,

---

v. Bar Counsel, 442 Mass. 372, 379 (2004).  All other requests for relief are denied.

which concerns the requirement that a petitioner successfully complete the Massachusetts bar examination.  He also suggested that he is qualified to receive an honorary law degree.  Murray did not, however, seek a waiver of other requirements of S.J.C. Rule 3:01.  In the circumstances, there was no error in the single justice's determination that Murray's filing did not comply with the rule.  See Novak, 397 Mass. at 271.  We decline to consider for the first time on appeal whether, as Murray now argues, the rule's requirements should be broadly waived.  See Cariglia v. Bar Counsel, 442 Mass. 372, 379 (2004).

The judgment of the single justice denying on the record before him Murray's "Petition to take the Massachusetts Bar Examination" is affirmed.  The single justice's denial of Murray's motion for partial summary judgment also is affirmed.

So ordered.

The case was submitted on briefs.
James Murray, pro se.